IN RE ESTATE OF KELLEY: PETERS, ADMR., APPELLANT,
*v.* ERNEST ET AL., APPELLEES.

■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■

(No. 424—Decided December 12, 1940.)

■■■■■■■■■■■■■■■■■

*Messrs. Frick & Abbott,* for appellant.
*Mr. John Gutknecht,* for appellees.

GUERNSEY, J.   This is an appeal on questions of
law by Norman W. Peters, ancillary administrator of
the estate of Arthur B. Kelley, late of Los Angeles,
California, from an order of the Probate Court of
Hancock county, Ohio, in the ancillary administration
of Kelley's estate.   The order from which the appeal
is taken is in the words and figures following, to wit:

"This cause came on to be heard upon the applica-
tion of Norman W. Peters, ancillary administrator of
the estate of Arthur B. Kelley, deceased, to distribute
the Ohio residue of said estate to Charles N. Wilt of
Los Angeles county, California, the domiciliary execu-
tor of said estate, having been so appointed by the Su-
perior Court of Los Angeles county, California.

"From the evidence adduced, the court finds that
that part of the property of the estate of Arthur B.
Kelley, deceased, situated in the state of Ohio has been
reduced to cash by the said Norman W. Peters as ancil-
lary administrator aforesaid and that all the debts
owing in the state of Ohio by said estate have been
fully paid; that a schedule of debts has been filed, as
required by law, showing certain claims presented to,
and allowed by, the Superior Court of Los Angeles
county, California, as claims against said estate; that
the said Norman W. Peters, ancillary administrator,
has filed a final account showing a balance in his hands
of $3,659.29 to be distributed as provided by Section
10511-25 of the General Code of Ohio; and that the said

Charles N. Wilt is the domiciliary executor of the estate of the said Arthur B. Kelley, deceased, appointed as aforesaid, by the Superior Court of Los Angeles county, California, and claims to be a creditor of said estate in the state of California.

"Upon consideration of said application, the evidence adduced by the said Norman W. Peters, as ancillary administrator aforesaid, Charles N. Wilt, the domiciliary executor, and the heirs of said Arthur B. Kelley, deceased, resident in Ohio, and the arguments and briefs of counsel, it is ordered that the said Norman W. Peters, ancillary administrator of the estate of the said Arthur B. Kelley, reject the claim of Charles N. Wilt as set forth in the schedule of debts and liabilities heretofore filed and that said ancillary administrator require Charles N. Wilt to perfect his alleged claim in Ohio as required by Section 10509-112 *et seq.*, of the General Code of Ohio.

"It is the further order of the court that said Norman W. Peters, ancillary administrator, after the allowance or rejection of the claim of the said Charles N. Wilt has been properly adjudicated, distribute the residue of said estate in his hands as provided by the will of said decedent in the following manner:

"Mary Ernest, 5151 Washington street, St. Louis, Missouri, the sum of one thousand dollars ($1,000.);

"Helen Zuelzke, 225 County Line street, Fostoria, Ohio, the sum of five hundred dollars ($500);

"Lida Kelley, R. F. D., Fostoria, Ohio, the remainder and residue thereof.

"To all of the foregoing findings, decrees and orders, Norman W. Peters, ancillary administrator, duly excepts and the bond for appeal is fixed at $125."

A motion has been filed in this court by the appellees Mary Ernest, Helen Zuelzke and Lida Kelley to dismiss the appeal upon the ground that this court is without jurisdiction over this appeal, for the reason that the ancillary administrator in his fiduciary capac-

ity cannot appeal from the order of distribution made by the Probate Court.

It has been held that an administrator or executor, as such, is not aggrieved or prejudiced by a decree or judgment as to the rights of the beneficiaries, and cannot therefore appeal from a decree affecting their interests. Hence, it is held, an administrator is not entitled to appeal from a decree of distribution. *First Natl. Bank of Cincinnati, Exr.,* v. *Rawson,* 54 Ohio App., 285, 7 N. E. (2d), 6; 2 American Jurisprudence, 960, Section 183; 117 A. L. R., 100.

It will be noted, however, that the order from which the appeal is taken in the instant case comprehends more than a simple order of distribution among beneficiaries in that it prescribes the rejection by Norman W. Peters, ancillary administrator of the estate of Arthur B. Kelley, of the claims of Charles N. Wilt, domiciliary executor of the estate of Kelley, appointed by the Superior Court of Los Angeles county, California, whose claims in his individual capacity as a creditor of the estate of Arthur B. Kelley, deceased, have been presented to and allowed by the Superior Court of Los Angeles county, California, as set forth in the schedule of debts filed by the ancillary administrator in the Probate Court of Hancock county. The order further prescribes that the ancillary administrator require Charles N. Wilt to perfect his alleged claim in Ohio, as required by Section 10509-112 *et seq.,* General Code; and it further prescribes that the ancillary administrator, after the allowance or rejection of the claim of Wilt has been properly adjudicated, distribute the residue of the estate in his hands, as provided by the will of decedent, in the following manner: To Mary Ernest, 5151 Washington street, St. Louis, Missouri, the sum of $1,000; to Helen Zuelzke, 225 County Line street, Fostoria, Ohio, the sum of $500; and to Lida Kelley, R. F. D., Fostoria, Ohio, the remainder and residue thereof.

From the order, it appears that the balance in the hands of the ancillary administrator amounts to the sum of $3,659.29.

Under the terms of the order, if the claim of Charles N. Wilt should be allowed by the ancillary administrator, there would remain no funds in his hands with which to pay such claim, as that part of the order relating to distribution contemplates the distribution of the entire fund in the hands of the ancillary administrator among the persons designated in the order as beneficiaries under the will of the decedent.

The rejection of a claim against the ancillary estate in the hands of the ancillary administrator; a mandate that the ancillary administrator require the claimant to perfect his alleged claim as required by Section 10509-112 *et seq.*, General Code; an adjudication as to the allowance or rejection of such claim; the making of such adjudication a condition precedent to the distribution to the persons named in such order; and distribution by the ancillary administrator of the funds in his hands, which would preclude the payment of such claim out of these funds in case it should be adjudicated that such claim should be allowed, are all involved in the order in addition to the adjudication of the rights of the named beneficiaries. Therefore, the question, as to whether the order appealed from may be prejudicial to the ancillary administrator, cannot be determined from the fact that the order involves a distribution among beneficiaries, but must be determined from a consideration of all the provisions of the order and from a consideration of the record in the case. A consideration of the record being necessary for a determination of the question, the motion to dismiss the appeal is overruled.

No bill of exceptions has been filed in the case, and there is no special finding of facts.

From the transcript of docket and journal entries and original papers in the Probate Court of Hancock

county, Ohio, it appears that an application was filed in that court by Norman W. Peters to admit to record therein an authenticated copy of the record of the administration proceedings of the estate of Arthur B. Kelley, late of Los Angeles, California, had in the Superior Court of Los Angeles county in the state of California; that this application was granted by the Probate Court of Hancock county and such authenticated copy filed and admitted to record therein. The transcript of docket and journal entries also shows the appointment and qualification of Norman W. Peters as ancillary administrator of the estate and the issuance of letters of administration to him; the inventory and appraisement of the ancillary estate; the schedule of all known debts and liabilities; the order for hearing on schedule of debts and the order made on such hearing; the ancillary administrator's account and the order for hearing of same; the order on settlement of account; the application to distribute the residue of the estate to Charles N. Wilt, domiciliary executor; the filing of a certificate of L. E. Lampton, county clerk and ex-officio clerk of the Superior Court of the state of California in and for the county of Los Angeles, as to the filing and allowance of claim against the estate of Arthur B. Kelley, deceased, in that county, which, omitting the caption and attestation clause, is in the words and figures following, to wit:

"I, L. E. Lampton, county clerk and ex-officio clerk of the Superior Court within and for the county and state aforesaid, do hereby certify that according to the records on file in my office the only claims which have been filed against the estate of Arthur B. Kelley, deceased, to date are the following two claims, to wit:

" 'Claim of Charles N. Wilt, allowed and approved for $1,751.32 on April 7, 1939, and filed in my office April 7, 1939.

" 'Claim of Charles N. Wilt, allowed and approved

for $519.43 on April 7, 1939, and filed in my office April 9, 1939.'"

In the transcript of docket and journal entries there also appears the journal entry hereinbefore set forth; the notice of appeal and bond for appeal; and precipe for transcript of docket and journal entries and original papers in the case.

The authenticated copy of the record of the administration proceedings of the estate of Arthur B. Kelley, deceased, in the Superior Court of Los Angeles county, California, which copy was filed in the Probate Court of Hancock county, Ohio, comprehends the will of Arthur B. Kelley; the petition for probate of same in the Superior Court of Los Angeles county, California; the order of that court admitting the same to probate and appointing Charles N. Wilt, named as executor in the will, as executor of the estate; the issuance of letters testamentary therein to Charles N. Wilt; and the certificates of the proper officials in the proper form under the Constitution and laws of the United States of America showing that such proceedings are judicial proceedings of the state of California entitled to full faith and credit in each state of the United States.

Ancillary administration of estates in Ohio is governed by the provisions of Part Third, Title Three, Chapter 11, of the General Code of Ohio, comprising Sections 10511-1 to 10511-33, both inclusive.

These provisions are to be interpreted and construed in the light of certain fundamental rules of law applicable to the administration of estates.

1. Administration of estates has no extraterritorial operation. The ancillary administration of an estate is concerned solely with the real and personal property of the decedent, located within the territorial limits of the state in which ancillary administration is granted.

2. Unless expressly otherwise provided by statute, ancillary administration is subservient only to the rights of creditors, legatees and distributees of a non-

resident decedent, who are resident within the state where it is granted; and the residuum is transmissible to the court of the foreign state granting ancillary administration only when a final account has been settled in a proper tribunal where the ancillary administration is granted, upon the equitable principles adopted by its own law in the application and distribution of assets found therein. In the application of such equitable principles it is essential that the status of the whole estate, wherever situate, as to assets and liabilities be considered. *In Matter of Estate of Crawford*, 68 Ohio St., 58, at pages 82, 83 and 84, 67 N. E., 156; *Williams' Admrs.* v. *Welton's Admrs.*, 28 Ohio St., 451; *Swearingen, Admr.*, v. *Morris*, 14 Ohio St., 424.

3. Such residuum, when transmitted to the state of domiciliary administration, is to be there disposed of in accordance with the laws of such state. *Williams' Admrs.* v. *Welton's Admrs., supra*, at page 456.

4. Unless expressly otherwise provided by statute, the rights of creditors, legatees and distributees who are not residents of the state in which the ancillary administration is granted are not the subject of adjudication in the ancillary administration. *Swearingen, Admr.*, v. *Morris, supra; Williams' Admrs.* v. *Welton's Admrs., supra; In Matter of Estate of Crawford, supra.*

A comparison of the provisions of Sections 10511-1 to 10511-31, both inclusive, General Code, with the rules mentioned discloses only one particular in which an express statutory provision prescribes a rule differing from the rules that would be applicable in the absence of such provision. This provision is contained in subdivision (*b*) of Section 10511-25, General Code, such section being as follows:

"When the expense of the ancillary administration, including such attorney's fee as is allowed by the court, all public charges and taxes, and all claims of creditors

presented as herein provided, have been paid, any residue of the personal estate, and the proceeds of any real estate sold for the payment of debts, shall be distributed by the ancillary administrator as follows:

"(a) With the approval of the court such residue may be paid over and delivered to the domiciliary administrator or executor, or

"(b) If the court so orders, such residue shall be paid over and delivered to the persons entitled thereto."

*The provisions mentioned confers discretion upon the Probate Court in the ancillary administration, to order the residuum remaining after the payment of expense of administration, all public charges and taxes, and all claims of creditors presented as provided by statute, to be paid from and delivered to the persons entitled thereto. This provision is contrary to the general rules in that it confers authority upon the court to order payments of such residuum, to persons other than legatees and distributees who are resident of the state in which the ancillary estate is administered. Where, as in the case at bar, domiciliary administration is being had in another state, such authorization, interpreted and construed in the light of the rules mentioned, and in conformity with the rules of comity and the provisions of the United States Constitution prescribing that in each state full faith and credit shall be given to the judicial proceedings of every other state, is not intended to authorize the Probate Court to order payments direct to nonresident creditors or to legatees and distributees who are not residents of the state of Ohio, except legatees of specific property within the state. As the rights of nonresident creditors and distributees and legatees, other than legatees of specific property within the state, in the residuum, are subject to adjudication only in the domiciliary administration proceedings, the Probate Court in the exercise of such authority, upon ordering

payments from such residuum to legatees and distributees who are resident of the state, and to nonresident legatees of specific property within the state, should order the balance of the residuum remaining after such payments to be paid to the domiciliary executor or administrator, he being the person entitled thereto within the meaning of the statutory provision mentioned.

In the case at bar, as shown by the record, two of the persons, to whom distribution was ordered made, are residents of Ohio, and one is a nonresident, but all are legatees of specific bequests made payable to them out of the proceeds of real estate located in Hancock and Wood counties, Ohio. The fund attempted to be distributed consists of the proceeds of such real estate. Therefore, under the statutory provisions mentioned, the Probate Court was vested with authority to order the ancillary administrator to make payment of their respective legacies direct to them, if, taking into consideration the status of the whole estate of the decedent, wherever situated, as to assets and liabilities, the equitable principles of the law of this state applicable to the application and distribution of the assets of the decedent's estate, and particularly the equitable principle that creditors are entitled to priority of payment out of the assets of an estate before legatees and distributees, warranted the making of such order.

But for the reasons hereinbefore mentioned, the Probate Court had no jurisdiction over the claims of Charles N. Wilt, allowed by the court of domiciliary administration, and was without authority to order such claims rejected, or to order the ancillary administrator to require Wilt to present these claims to him for allowance or rejection, or to make the allowance or rejection of these claims a condition precedent to the making of the specified payments to the beneficiaries mentioned in the order, or to order the distribution of all the funds of the ancillary administrator to the lega-

tees mentioned, without regard to whether, taking into consideration the status of the whole estate of the decedent, wherever situated, as to assets and liabilities, any part of the fund would be required by the domiciliary administration of the estate to pay the claims of Charles N. Wilt.

In the absence of a bill of exceptions, as in this case, it is a general rule that if there is a state of facts that will sustain the judgment, it will be conclusively presumed by a reviewing court that evidence of such state of facts was before the trial court at the time the judgment was entered. An exception to the rule is that such presumption does not exist where the existence thereof is negatived by findings incorporated in the entry of judgment.

As the Probate Court was, as a matter of law, without power to order the rejection of the claims of Charles N. Wilt by the ancillary administrator, or to order the ancillary administrator to require Wilt to present his claims to the ancillary administrator for allowance or rejection, or to make the allowance or rejection of these claims a condition precedent to the making of the specified payments to the beneficiaries mentioned in the order, it is clear that no state of facts warranting the making of such order may be presumed to exist, and such orders being without auhority in law were erroneous and prejudicial to the ancillary administrator in his official capacity.

An inspection of the record of judgment discloses that the existence of any state of facts as to the status of the whole of the estate of decedent, wherever situated, as to debts and liabilities, which would warrant the making of the order of distribution mentioned, is negatived by the findings incorporated in the entry of judgment and the orders based thereon, from which it affirmatively appears that neither the findings nor orders are predicated upon a consideration by the court

of the status of the whole estate as to assets and liabilities, but upon an erroneous assumption that the Probate Court of Hancock county had jurisdiction to readjudicate the validity of the claims of Charles N. Wilt against the estate of the decedent, which claims had been allowed by the court of domiciliary administration. Such state of facts will therefore not be presumed to exist in order to sustain the judgment, and that part of the order relating to the distribution, not being supported by such presumption, is upon the record erroneous and prejudicial.

For the reasons mentioned, the judgment will be reversed and the cause remanded for a new trial and further proceedings according to law, at costs of the ancillary estate.

As the case is to be retried it is deemed advisable to suggest that the domiciliary executor or other person making such claim has the burden of establishing that any part of the fund is required by the domiciliary estate for the payment of claims of creditors whose claims have been allowed by the court of domiciliary administration.

*Judgment reversed and cause remanded.*

CROW, P. J., and KLINGER, J., concur.