In re Estate of Hoffman : Hoffman, Admr., Appellant, *v*. Weingard et al., Appellees.

(No. 5968—Decided June 9, 1941.)

*Mr. Mitchell Wilby,* for appellant.
*Mr. Clarence Denning* and *Messrs. LeBlond, Morrissey, Terry & Gilday,* for appellees.

Hamilton, J.  This is an appeal on questions of law from a judgment of the Court of Common Pleas dismissing an appeal from the Probate Court of Hamilton county, on the ground that the appeal was not filed in time, and on the further ground that the appellant as administrator of the estate of Pauline Hoffman could not be an aggrieved party and could not be one whose substantial right was affected by the order from which the appeal was attempted to be made.

It appears from the record that the appeal from the Probate Court to the Court of Common Pleas was from an order of apportionment of the estate of Pauline Hoffman.  The money involved was obtained in the settlement of a wrongful death claim (being the wrongful death of Pauline Hoffman), in which the sum of $2,500 was paid to the administrator of Pauline Hoffman, appellant herein, and on his application, the court apportioned the money as follows:

"To Probate Court, costs,................. $16.50
"To Frank Hoffman, reimbursements for
    bond premium, ...................... $14.00
"To Mitchell Wilby, attorney fee,........... $833.33
"To Frank Hoffman, reimbursement for fu-
    neral expenses, ...................... $350.00
"To Frank Hoffman, widower, share,....... $428.72
"To George Weingard, son, share,.......... $285.82
"To Loretta Griffiths, daughter, share,...... $285.82
"To Shirley Felker, grandchild, share,...... $142.91
"To Harlan Felker, grandchild, share,...... $142.90
    "To all of which Frank Hoffman, widower, the administrator excepts.

"Enter, November 4th, 1940,

"Frank S. Bonham,

"Probate Judge."

The pertinent part of the notice of appeal from the Probate Court to the Court of Common Pleas, necessary to consider, is as follows:

"Frank Hoffman, administrator of the estate of Pauline Hoffman, deceased, who is the appellant, hereby gives notice to [naming them] * * * who are the appellees herein, that he is appealing to the Common Pleas Court of Hamilton county, Ohio, on questions of law and on questions of fact, the entry of apportionment made herein on November 4, 1940. * * *

"He says that the appellees are respectively a son and a daughter and a granddaughter and grandson of the said Pauline Hoffman by and through a former marriage—the said grandchildren being children of a deceased daughter of the said Pauline Hoffman, who was also born of said former marriage."

In the application for distribution of the funds, the administrator asked for an order of court authorizing him to distribute the entire balance of the fund, after

the payment of certain debts, to himself, as surviving spouse of the decedent, because all the pecuniary injury that resulted from the death of Pauline Hoffman was suffered by him. Thus, he sought as administrator to distribute all of the funds to himself, to the exclusion of the children and grandchildren of Pauline Hoffman. This, the Probate Court refused to do, and ordered distribution as hereinbefore set forth.

All of the defendants, the children and grandchildren of the deceased, Pauline Hoffman, resisted the appeal. It is, therefore, apparent that the appeal was not in the interests of the estate, but was an attempted appeal by the administrator for the personal benefit of himself, Frank Hoffman, the surviving spouse.

That the appeal was by Frank Hoffman as administrator is apparent. The notice of appeal recites: "Frank Hoffman, administrator of the estate of Pauline Hoffman, deceased, who is the appellant, hereby gives notice," etc. Then the notice of appeal is signed by "Frank Hoffman, administrator of the estate of Pauline Hoffman, deceased."

The law applicable to this situation is stated in the second and third paragraphs of the syllabus in the case of *First Natl. Bank of Cincinnati, Exr.,* v. *Rawson,* decided by this court, and reported in 54 Ohio App., 285, 7 N. E. (2d), 6. Paragraphs two and three of the syllabus read as follows:

"2. An executor in its official capacity cannot be prejudiced by an order of the court in such action, simply directing the administration of the estate, and cannot appeal therefrom in its official capacity.

"3. Where such action is brought by an executor in its official capacity and no interest or right in that capacity has been prejudiced by an erroneous judgment of a Court of Common Pleas, such judgment will not be disturbed unless other persons interested in the

will file an appeal, or unless the executor does so in its individual capacity.''

The administrator was not prejudiced by the order of the Probate Court directing the distribution of the fund, and his whole interest in objecting to the distribution was a personal interest.

The record shows all parties are satisfied with the order of distribution, and none of them has appealed. The administrator cannot represent them in the appeal.

The administrator seeks by his appeal from the Probate Court to advance his personal interests to the disadvantage of all other parties. This, he cannot do.

The judgment of the Court of Common Pleas was correct in dismissing the appeal of the administrator, and that judgment is affirmed.

*Judgment affirmed.*

MATTHEWS, P. J., and Ross, J., concur.