444 P.2d 313 (1968)
WYOMING STATE TREASURER ex rel. WORKMEN'S COMPENSATION DEPARTMENT, Appellant,
Pittsburgh-Des Moines Steel Co. (Employer below),
v.
Fred C. SCHULTZ, Appellee (Employee below).
No. 3652.
Supreme Court of Wyoming.
August 2, 1968.
Joseph E. Darrah, Sp. Asst. Atty. Gen., Cheyenne, for appellant.
*314 W. Hume Everett, William H. Everett III, Casper, for appellee.
Before HARNSBERGER, C.J., and GRAY, McINTYRE, and PARKER, JJ.
Mr. Justice PARKER delivered the opinion of the court.
Fred Schultz was injured in a fall while at work for Pittsburgh-Des Moines Steel Company in Rock Springs on August 7, 1962. He filed no report within the time provided by statute but ten days later, on August 17, the employer filed a report showing that Schultz had sustained rib injuries, and in accordance with this report medical bills were ordered paid from the Industrial Accident Fund. Schultz continued to work until August 22, 1962, when his job ended, and he and the rest of the crew were laid off.
Some two and one-half years later Schultz petitioned the District Court of Sweetwater County to have his compensation file transferred to Natrona County, where he resided, and on February 2, 1965, he filed an injured-worker's report of accident stating that his hip was injured and two ribs broken in the August 7, 1962, accident. Meanwhile, on January 26 a letter from a chiropractor, Dr. Sannerud, had been filed with the clerk of the district court wherein it was stated that Schultz' X rays showed a progressive arthritis of the lumbar spine coupled with deterioration of the head of the right femur. The claimant was then referred to and examined by a Dr. Anderson, who on February 8, 1965, wrote the clerk of court as follows:
"Mr. Schultz was examined on February 1, 1965 at the request of Dr. Sannerud of Casper. The patient gave a history of being injured on August 8, 1962 in Sweetwater County when the wind blew a scaffold away from a tank and the patient fell approximately 16'. He now has pain in the right hip to sit and to walk.
"On physical examination there is tenderness over the right hip. Abduction of the hip is a trace. Internal and external rotations are a trace. Hyperextension is absent. The patient has a positive Trendelenberg on the left. The chest examination is negative.
"X-rays taken at the time of the injury on August 8, 1962 show no apparent injury. However, films taken at this time show marked arthritic changes in the right hip and narrowing of the joint space and arthritic spurring.
"Comment: A diagnosis was made of arthritis of the right hip which I believe is secondary to the injury of August 8, 1962. The patient has been placed medications temporarily for relief of pain but will probably require an arthroplasty of the right hip with replacement of the femoral head with an Austin-Moore prosthesis."
On February 25, 1965, Dr. Anderson filed his supplemental report, stating that permanent disability had resulted from arthritis of the right hip but the amount of disability was not then ascertainable. The employer by March 18, 1965, letter to the clerk of court disapproved payment of the claim, stating it failed to see how the 1962 accident could be the cause of the problem, whereupon the court set the matter for hearing on April 12, 1965, and gave notice thereof. Subsequently, the court entered an order stating the employer had not appeared but the court having heard the evidence of the employee found the difficulty the employee was then suffering was a direct and proximate result of his original accident in August 1962, authorized the employee to secure the services of Dr. Anderson, and ordered that the employee be entitled to receive temporary total disability for periods of time from and after February 1, 1965, while temporarily totally disabled as a result of the accident. Dr. Anderson's supplemental report of November 18, 1965, stated there had been arthroplasty of the right hip on October 19, 1965, with replacement of femoral head with an Austin-Moore prosthesis. Because the employer disapproved payment of certain claims for hospital, drugs, and doctor bills, the *315 case was again set for hearing on December 2, 1965, the employer not appearing; and the court decreed, inter alia, that the medical and hospital bills incurred with the treatment of the injury should be paid from the Industrial Accident Fund.
On June 21, 1967, Dr. Anderson filed with the clerk of court a letter stating that Schultz' condition had become "stationary on about June 7, 1967 at which time he was given 20% permanent partial disability of the body because of limitation of hip motions, some recurrent pain and discomfort," employee filing application and claim for award because of his permanent partial disability equal to 20 percent, which claim was disapproved by the employer.
On July 14, 1967, the District Court of Natrona County after hearing at which the employer was not present entered an order finding that "said Employee was injured on August 8, 1962, as a result of, and during the course of, his employment, that this Court has heretofore entered appropriate orders and made findings awarding medical, hospital and doctor expenses and payments for temporary disability to said Employee, that said Employee returned to work following release from his doctor, that subsequently, in February, 1965, said Employee developed arthritic changes in the right hip joint which were attributable to his injury of August 8, 1962, that said Employee's condition became stationary on or about June 7, 1967, and that he has a permanent partial disability of the body as a whole of 20%," the court awarding claimant $3,500 therefor payable from the Industrial Accident Fund.
On August 1, 1967, the State Treasurer appealed from that part of the order entered finding that a permanent partial disability award should be based on the maximum amount allowed in § 27-85, W.S. 1957, as amended by c. 193, § 6, S.L. of Wyoming, 1965, it being his contention that the award should have been based upon the maximum amount allowable under § 27-85, as amended by c. 204, § 3, S.L. of Wyoming, 1961, and on August 3 entered into a stipulation that Schultz should receive a maximum of $2,400 pending the appeal, the stipulated sum being equivalent to a 20 percent permanent partial disability award under the 1961 amendment.
None of the hearings were reported, and the record on appeal, therefore, contains no transcript of the evidence adduced.
Appellant argues that it was the employee's responsibility to sustain the burden of proof of showing the actual time of compensable injury, Claim of Evans, Wyo., 417 P.2d 17, 18-19, and since the court made a specific finding that the employee was injured on August 8, 1962, it should follow that the compensation statute in effect at that time would control the amount of award. Moreover, appellant insists analysis of the entire record shows that the only event occurring after March 1, 1965, was the determination of percentage of actual permanent partial disability and entering of the award, pointing to the statement in Baldwin v. Scullion, 50 Wyo. 508, 62 P.2d 531, 539, 108 A.L.R. 304, that the compensable injury occurs on the date it becomes reasonably clear or the employee first discovers he has a compensable injury  noting that in the instant situation the workman filed his report of the accident on February 2, 1965, and insisting that the injury was completely apparent and compensable under appellee's medical consultations in January and February 1965.
Appellee responds that the absence of a transcript of the hearing which resulted in the entry of the order complained of is fatal to the appeal since the employee is entitled to a presumption that evidence adduced at the hearing sustained the judgment. Appellant does not challenge the point that in most cases there exists such a basic presumption but argues that inasmuch as the documentary evidence in the record on appeal and the order indicate the hearing to have been uncontested and the proper application of the statute is a question of law, there is a clear case for appellate review and reversal notwithstanding the absence of a transcript. Appellant *316 further asserts, with good basis, that a reviewing court may examine the evidence in the record to determine whether conclusions of law are supported. Waring v. Metropolitan Life Ins. Co., 225 Mo. App. 600, 39 S.W.2d 418, 424; Metting v. Lehr Const. Co., 225 Mo. App. 1152, 32 S.W.2d 121, 123. It is also true that in a Workmen's Compensation case reports of an accident although not formally offered constitute prima facie evidence of the facts stated. Stockley v. School Dist. No. 1 of Portage Tp., 231 Mich. 523, 204 N.W. 715, 716; Reck v. Whittlesberger, 181 Mich. 463, 148 N.W. 247, 250.
Although we can see no merit in appellant's thesis that since the court specifically found the employee to have been injured on August 8, 1962, it should follow that the compensation statute then in effect would control the amount of award, we are impressed with the assertion that the injury was completely apparent and compensable when the workman filed his report of the accident in February 1965. Certainly, the performance of the surgery and ascertainment of the amount of disability could not here affect the actual time of the compensable injury. This jurisdiction has, of course, consistently held that where evidence is not properly brought into the record the court on appeal will presume the evidence sustained the judgment. Robinson v. Gallagher Transfer & Storage Co., 58 Wyo. 69, 125 P.2d 157, 164; Lakeview Canal Co. v. R. Hardesty Mfg. Co., 31 Wyo. 182, 224 P. 853, 854; Royal Ins. Co. v. O.L. Walker Lumber Co., 23 Wyo. 264, 148 P. 340, 342, 24 Wyo. 59, 155 P. 1101, Ann.Cas. 1917E, 1174. A corollary rule is that on a partial or incomplete record, an appellate court will presume any conceivable state of facts within the scope of the pleadings and not inconsistent with the record which will sustain and support the judgment of the trial court. Ruby v. Wellington, 162 Cal. App.2d 132, 327 P.2d 586, 588; United States Manganese Corporation v. Schuster, 84 Ariz. 31, 323 P.2d 5, 6; Walling v. Kimball, 17 Cal.2d 364, 110 P.2d 58, 63; In re Byam's Estate, 196 Wash. 76, 82 P.2d 111, 112; Klein v. Harris, 268 Ala. 540, 108 So.2d 425, 428. In discussing the absence of a bill of exceptions, the Ohio Appeals court has peripherally made a practical application of this rule, indicating, "An exception to the [general] rule [that if there is a state of facts that will sustain the judgment, it will be conclusively presumed by a reviewing court that evidence of such state of facts was before the trial court at the time the judgment was entered] is that such presumption does not exist where the existence thereof is negatived by findings incorporated in the entry of judgment." In re Kelley's Estate, 68 Ohio App. 51, 34 N.E.2d 34, 40. We have heretofore noted that the trial court in the instant case found that "in February, 1965, said Employee developed arthritic changes in the right hip joint which were attributable to his injury of August 8, 1962"; that Schultz in his February 2, 1965, report stated, "Right hip injured also two ribs were broken but the ribs are healed now. The hip has gradually become more and more painful until now it interferes with my work very much"; and that on February 8, 1965, Dr. Anderson wrote, "films taken at this time show marked arthritic changes in the right hip and narrowing of the joint space and arthritic spurring. * * * diagnosis was made of arthritis of the right hip which I believe is secondary to the injury of August 8, 1962." Under these circumstances, the absence of a transcript of the hearing is not fatal to the appeal, and the judgment must be amended to conform the award to the maximum amount allowable under § 27-85, as amended by c. 204, § 3, S.L. of Wyoming, 1961.
Reversed and remanded with instructions.