BOULGER, ADMR., APPELLANT, *v.* EVANS ET AL.; ROLL, APPELLEE.

(No. 77-378—Decided June 21, 1978.)

Mr. William C. Boulger, for appellant.

Messrs. Margulis, Gussler, Hall & Hosterman and Mr. John W. Hosterman, for appellee.

COLE, J. Certain preliminary issues are raised by the judgment of the Court of Appeals. That court determined that the trial court was in error in overruling the pretrial motion made by Carol Roll to require that the state of Ohio be joined as a party to the proceeding.

Under the statute of descent and distribution (R. C. 2105.06), there is the possibility that none of the named classes of beneficiaries in fact, in a given case, exist. Where then there is no will or there is a will but it failed to dispose of all the property of a decedent, and the named classes of beneficiaries under R. C. 2105.06 do not exist, the ultimate repository of title to that property is the state. The term ''escheat'' as applied to this situation is defined in Webster's New Third International Dictionary as follows:

''* * * the lapsing or reverting of land to the crown in England or to the state in the U. S. as original and ultimate proprietor by reason of failure of persons legally entitled to such land * * *.''

The last part of this definition is applicable. It is not any right of inheritance in the state that is encompassed by an escheat. It is the result of a failure of persons or an absence of persons legally entitled to such land. The state does not become by virtue of the statute of descent and distribution another class of heir with rights of inheritance. An ''heir'' is defined in *Holt* v. *Miller* (1938), 133 Ohio St. 418, where it is stated:

''In its technical sense, the term 'heirs' embraces those persons who take the estate of an intestate under the statute of descent and distribution * * *.''

The state is not a person but a sovereign abstract entity. The statute is concerned with an orderly distribution of property to those persons to whom the decedent might wish his estate given. These persons are his descendants and relatives of varying degrees of family relationship. The state only enters as the final repository of the estate when there is a failure of such persons to **exist.**

The status of the state is not therefore that of an heir or claimant asserting an affirmative right to the estate. It is rather a passive and ultimate recipient of the estate when all classes of heirs have failed. It therefore has, until a determination of the conditions essential to escheat have been judicially determined no affirmative interest in the estate to assert. Here the complaint had alleged simply that there were no *known* heirs and one of the requests for instruction was for authority to expend estate funds in a search for heirs. There had been no judicial determination of a failure of all classes of heirs under the statute of descent and distribution. The state therefore had no interest in the estate either as an heir or as an established repository of title upon failure of those persons legally entitled to the estate. It was therefore not a necessary party to the action and the action of the trial court in overruling the motion to make the state a party was proper.

A further preliminary issue involves the application by the Court of Appeals of Civ. R. 54(B). This rule is applicable where the trial court enters final judgment as to some, but fewer than all, the parties or claims. Here the issue of will construction was before the court by virtue of the complaint and the counterclaim of Carol Roll. The issue as to expenditure of funds to locate heirs was before the court by virtue of the complaint and the answer of Edward E. and Harold Poole. The judgment entry determined both issues and as to all parties. Civ. R. 54(B) was not therefore applicable.

A final preliminary problem concerns the standing of the administrator to appeal to this court. It is a general principle that a fiduciary may not appeal a judgment which does not affect him prejudicially in his representative capacity. 56 Ohio Jurisprudence 2d 235, Wills, Section 719. Generally a fiduciary is considered to be limited to his role as stakeholder and as such may only engage in litigation where the issues involve him as stakeholder. *In re Guardianship of Love* (1969), 19 Ohio St. 2d 111. It

is asserted that here the issues involve the interpretation of the will and in this, as a stakeholder, he has no interest.

However one underlying foundation of this rule is that others are in some way competing for the stake the stakeholder holds and that both sides of the issue will be, by these competing interests, fully presented. Where an adversary situation exists or can exist the stakeholder generally has no interest in the litigation. He simply awaits the answer before he acts. But here there is, because of the peculiar nature of the situation, no effective adversary interest supporting one side of the argument. The appellee claims she is entitled to be considered a devisee under the will in question by virtue of certain theories and interpretation. Who is there to present the other side of the argument? The heirs of the decedent are unknown and, as we have seen above, the state has no affirmative claim to the estate in the absence of a determination of an escheat to the state. The other specific beneficiaries under the will have no interest in the portion of the will at issue. The only one to present the contrary argument is the fiduciary. There was, in the trial court, no objection to the presentation of this issue. The administrator was proceeding under the special statutory authority granted by R. C. 2107.46 to seek instruction by the court and, only incident thereto, construction of the will. He moreover did not appeal the judgment of the trial court. This was done by Carol Roll. The narrow question then is whether on reversal of the trial court by the Court of Appeals, the fiduciary had the standing to make a motion to certify the case to this court. The judgment of the Court of Appeals was diametrically opposed to that of the trial court. It will be noted that the basic issue presented by the administrator to the court was a determination as to the expenditure of funds of the estate. That issue of will construction arose as a procedural question ancillary to this to determine if Carol Roll was a party in interest to the proceeding. From this viewpoint the issue was procedural in character and as such was essential to the validity of the trial

court's judgment on the basic issue of instruction. The fiduciary had and has a very real interest, in his fiduciary capacity, as to the validity, as distinguished from the content, of the instructions contained in the judgment of the trial court. Thus the procedural issue does have an effect on his action as the fiduciary and hence he has both a right and a duty to seek a final determination from this court.

The ultimate question in this case is then before us. Was the trial court correct in determining that Carol Roll was not a beneficiary of the will of Nettie R. Robertson and hence had no interest in the action? It is our conclusion that it was, and the Court of Appeals was in error in reversing that determination.

It is apparent that Carol Roll has no interest in the estate by virtue of the statute of descent and distribution. She was in no way related by blood or marriage to the decedent. Her interest, if any, must arise as the child of Homer Storts. Provision for Homer Storts appears in Item Eight of the will which bequeaths certain real estate "to Homer Storts." In the residuary clause of the will, Item Twelve, the residue is bequeathed "to Homer Storts." No provision is made in either case for the disposition of the property in the event Homer Storts should predecease the testatrix. However in Item Two of her will, the testatrix did explicitly make such a provision giving therein to Homer Storts a bungalow and vacant lot and then stating:

"If Homer Storts fails to survive me, I give, devise and bequeath my said bungalow and the vacant lot adjoining it in Frankfort, Ohio, to Juny Robertson Evans."

In reviewing the will it is noted also that in Items Five, Eight, Nine and Twelve, there are no alternative beneficiaries named, whereas in Item Two above and Items Three, Four, and Six, alternative beneficiaries are named.

It is the contention of the appellee and the decision of the Court of Appeals that the absence of a secondary

disposition to the heirs of Homer Storts does not preclude Carol Roll from inheriting under the will and that the trial court in excluding evidence outside of the four corners of the will to resolve ambiguities denied appellee a proper hearing. On this latter point the record reveals that the trial court did permit proffer of the excluded evidence by a document filed subsequent to the hearing.

This court in *Townsend's Executors* v. *Townsend* (1874), 25 Ohio St. 477, set forth the rules governing the court's construction of wills. It is basic that the sole purpose of the court is to ascertain and carry out the intention of the testator, and that such intention must be ascertained from the words contained in the will. In the present case the words of the will make no provision for the heirs of Homer Storts. It is asserted that there is an ambiguity to be resolved by extrinsic evidence. There is no ambiguity either patent or latent. In some cases the testatrix makes specific provision for the case of beneficiaries who may predecease her. In the case of Homer Storts in Items Eight and Twelve she makes no such provision. The words are quite clear. The devise is to Homer Storts and to him alone.

It is asserted that the case of *Lessee of Thompson* v. *Hoop* (1856), 6 Ohio St. 480, makes the use of words of inheritance unnecessary to the creation of a fee simple estate. This is not here applicable since the question is not the use of words of inheritance to determine the quantum of the estate created, but to supply a category of beneficiaries which the testatrix did not in fact include. Where there is no ambiguity there is no need for either extrinsic evidence or the application of presumptions. The language of the will must govern, and that language is clear and unequivocal.

An "ambiguity" is defined as "the condition of admitting of two or more meanings, of being understood in more than one way, or of referring to two or more things at the same time * * *." Webster's Third New International Dictionary. Here there is but one meaning to be

assigned to the words "to Homer Storts." The property is devised to him, to him alone, and there is no provision for the event of his prior death.

The appellee argues that there is a latent ambiguity to be resolved by extrinsic evidence. It is contended that in the light of these circumstances, the words "to Homer Storts" really mean "to Homer Storts or his heirs." This is not resolution of ambiguity but a rewriting of the will. The language in the will is not ambiguous. Had there been two people known as Homer Storts or a person known usually as Homer Storts whose real name was Christopher Storts, then extrinsic evidence might establish the existence of an ambiguity. Here however it is sought to establish the testatrix really meant something other than what she said clearly and concisely. There is no ambiguity asserted to be either established by or resolved by evidence extrinsic to the will.

The antilapse statute, R. C. 2107.52, has no application here because Homer Storts was not a relative of the testatrix.

The judgment of the Court of Appeals is reversed.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, COOK and LOCHER, JJ., concur.

COLE, J., of the Third Appellate District, sitting for P. BROWN, J.

COOK, J., of the Eleventh Appellate District, sitting for SWEENEY, J.