**FRIED, Exr., Appellant,**

v.

**FRIED et al., Appellees.**

[Cite as *Fried v. Fried* (1989), 65 Ohio App.3d 61.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 55983.

Decided Oct. 16, 1989.

*McCarthy, Lebit, Crystal & Haiman Co., L.P.A.,* and *Irwin S. Haiman,* for appellant.

*Reminger & Reminger* and *Leon Weiss,* for appellees.

ANN MCMANAMON, Chief Judge.

This cause raises the issue of our jurisdiction to entertain the appeal of a probate court order by the fiduciary of an estate when that order is not adverse to the fiduciary in his official capacity. We hold that we are without such jurisdiction.

In January 1988, Kenneth Fried, the executor of the estate of his mother, Beatrice Kottler, filed an amended complaint in the probate court against the beneficiaries seeking authority to sell the decedent's real estate in order to pay debts. The named defendants included Fried in his individual capacity, as well as the decedent's daughter and the decedent's spouse. The executor also sought a delineation of the spouse's interest in certain real estate and the means of determining its value.

The spouse answered the complaint asserting the will left him a life estate in the real property. In his capacity as executor, Fried filed a brief which contended that the will merely allowed the spouse residential use of the property for as long as he desired, something less than a life estate. The

executor also proposed a method to calculate the value of the life estate, should the court determine that to be the correct characterization of the spouse's interest.

The referee ultimately entered a report finding the spouse had a life estate to be valued upon the balance of the sale proceeds after deducting administration costs, taxes and mortgages. The referee further recommended the executor be given authority to sell the property to pay the debts.

The executor timely objected to the referee's report, urging that the findings of fact and conclusions of law were incomplete and erroneous, and again asserting the positions set forth in the amended complaint.

On June 2, 1988, the probate court overruled objections filed by the executor and, by separate entry, adopted the referee's findings of fact and legal conclusions. The executor appealed, submitting his brief, through counsel for the estate, as "Kenneth Fried, Executor of the Estate of Beatrice Fried Kottler, Plaintiff–Appellant." His three assignments of error raise the same issues as did the complaint and his previous objections.

The spouse challenges our jurisdiction, maintaining that the probate court's June 2, 1988 judgment entry is not a final appealable order and that the appeal is by the fiduciary from an order in no way adverse to him in his official capacity. The executor, however, for the first time, contends that he is appealing in his individual capacity as beneficiary, despite case captions and representations of estate counsel to the contrary. On March 1, 1989, this court denied the motion to dismiss, referring this matter to the merit panel.

■ It is well settled in Ohio that an executor cannot appeal a judgment which does not prejudice him in his representative capacity. *Boulger v. Evans* (1978), 54 Ohio St.2d 371, 375, 8 O.O.3d 388, 391, 377 N.E.2d 753, 756. The executor admits, and the Ohio Supreme Court has held, that an executor has no ground to appeal when the issue involves the interpretation of the will. *Id.* at 376, 8 O.O.3d at 391, 377 N.E.2d at 756. The Hamilton County Court of Appeals has further stated that an administrator cannot use an appeal to advance his personal interests to the disadvantage of other parties. *In re Hoffman's Estate* (1941), 68 Ohio App. 47, 50, 34 Ohio Law Abs. 513, 514, 22 O.O. 31, 32, 37 N.E.2d 646, 648.

■ Because the notice of appeal in this case is styled "Kenneth Fried v. Kenneth Fried, et al.," it is argued that the appeal itself is brought by Fried as an individual. As we have noted, the appeal raises the same issues with which the executor was dissatisfied in the probate court. No other beneficiary appealed the probate court judgment and only the spouse moved to dismiss it. Although Kenneth Fried now refers to the executor as an appellee, the brief itself is submitted by lawyers for the estate. While the

executor may indeed be improperly serving his personal interests in this entire litigation, he has pursued the action as the executor.

A person in his representative capacity cannot sue himself in the same action in his individual capacity, or *vice versa.* *Fielder v. Edison Co.* (1952), 158 Ohio St. 375, 49 O.O. 265, 109 N.E.2d 855, paragraph three of the syllabus. See, also, *Williams v. McHugh* (1915), 17 Ga.App. 59, 61–62, 86 S.E. 272, 273; *Maxwell v. Hollis* (1960), 216 Ga. 224, 226–227, 115 S.E.2d 360, 362, headnote two; *Sullivan v. Doyle* (1949), 193 Md. 421, 431, 67 A.2d 246, 250, headnote ten; *Talbert v. Reeves* (1956), 211 Md. 275, 280, 127 A.2d 533, 536, headnote five.

Furthermore, Fried the individual failed to preserve his objections on the record in the probate court and now attempts to take advantage of the executor's objections to seek relief. A party cannot do this. Cf. *Ball v. Youngstown Sheet & Tube Co.* (App.1955), 75 Ohio Law Abs. 140, 147, 142 N.E.2d 874, 881, paragraph four of the syllabus.

We hold that an executor cannot advance his personal interests as a beneficiary at the expense of the estate and to the disadvantage of the other beneficiaries.

Certainly a real question would arise as to the propriety of payment of attorney fees to the lawyers representing the executor were those services provided to benefit the executor in his individual capacity and to the detriment of another beneficiary.

Counsel for Kottler also challenges our jurisdiction on the basis of Civ.R. 54(B). We agree that the entry of the probate court dated June 2, 1988 was not a final order appealable by Fried in his capacity as executor. The order from which he appeals merely determined the rights of the parties and directed the administration of the estate and thus could not prejudice him in his official capacity. *Toledo Trust Co. v. Farmer* (1956), 165 Ohio St. 378, 6 O.O. 8, 135 N.E.2d 356, paragraph one of the syllabus; *In re Kelley's Estate* (1940), 68 Ohio App. 51, 33 Ohio Law Abs. 258, 22 O.O. 158, 34 N.E.2d 34, paragraph one of the syllabus; *In re Hoffman's Estate, supra,* 68 Ohio App. at 49, 34 Ohio Law Abs. 513, 514, 22 O.O. 31, 32, 37 N.E.2d at 647, quoting *First Natl. Bank of Cincinnati v. Rawson* (1936), 54 Ohio App. 285, 8 O.O. 13, 7 N.E.2d 6, paragraphs two and three of the syllabus. We further note that even had the executor completed the distribution of the estate, he would

be precluded from appealing the decree of final distribution. *In re Kelley's Estate, supra,* paragraph one of the syllabus.

Accordingly, we dismiss the executor's appeal and remand the case to the probate court for further proceedings.

*Appeal dismissed.*

FRANCIS E. SWEENEY and JOHN F. CORRIGAN, JJ., concur.