DECISION AND JOURNAL ENTRY
Appellant Martina Shepherd timely appeals the July 21, 1998 order of the Summit County Court of Common Pleas, Probate Division, which allocated attorney fees and distribution of wrongful death proceeds to the statutory beneficiaries following the death of Richard Shepherd II.
Appellant filed the Notice of Appeal through the "Attorney for the Estate of Richard Shepherd II" and we assume that she is appealing in her capacity as executrix and personal representative in the wrongful death action.[1]
In its order the probate court approved attorney fees equal to one-third of the wrongful death settlement. When appellant initially hired attorneys to prosecute the wrongful death action, she signed a contingent fee agreement by which the attorneys would receive forty percent of the settlement or trial award, if such a settlement or award was received after the case was filed in court. The case was settled after the filing, but prior to trial. As provided in the Rules of Superintendence governing wrongful death actions in Ohio, any fee agreement signed by the personal representative in a wrongful death action is subject to approval of the probate court. C.P.Sup.R. 70 and 71 (formerly C.P.Sup.R. 38(C), 39 and 40). Appellant's agreement to the contingency fee was limited by statute to the amount ultimately approved by the probate court.
In order to have standing to appeal, an appellant must show that he is an aggrieved party, in that the lower court's decision has adversely affected his rights. Tschantz v. Ferguson (1989),49 Ohio App.3d 9, 13. In Ohio, the ability of a fiduciary to appeal a probate court order is further limited. The fiduciary must show that the court's order is adverse to the fiduciary in his official capacity. Unless the fiduciary makes such a showing, he lacks standing to appeal and the appellate court is without jurisdiction. Fried v. Fried (1989), 65 Ohio App.3d 61, 63, citing Boulger v. Evans (1978), 54 Ohio St.2d 371, 375. In a wrongful death action, the personal representative is merely a nominal party, and the statutory beneficiaries are the real parties in interest. Burwell v. Maynard (1970), 21 Ohio St.2d 108,110.
With these limitations in mind, we find that the probate court's order approving attorney fees in the lesser amount did not prejudice appellant in her ability to represent the interests of the statutory beneficiaries in pursuing the wrongful death claim. Because appellant has not been aggrieved by the probate court's decision, she lacks standing to appeal.
We dismiss this case because appellant lacks standing to pursue this appeal and we are without jurisdiction to hear it.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
 Costs taxed to appellant. ___________________________ WILLIAM R. BAIRD
FOR THE COURT
SLABY, J.
MILLIGAN, J.
CONCUR
(Milligan, J., retired Judge of the Fifth District Court of Appeals, sitting by assignment pursuant to Section 6 (C), Article IV, Constitution.)
[1] Appellant also filed a supplemental brief on the issue of standing. Attached to the brief is appellant's affidavit in which she states "I am the Executrix of the Estate of Richard Shepherd, II, Deceased and the appellant in this matter." Thus we presume that she appeals in her fiduciary capacity. In the court below she was acting as the statutory personal representative of the decedent, in prosecuting the wrongful death claim for the exclusive benefit of the statutory beneficiaries, pursuant to R.C.2125.02(A)(1). Appellant was also a statutory beneficiary in the wrongful death claim but she did not file her notice of appeal as a statutory beneficiary thus we must presume that as a beneficiary appellant is satisfied with the judgment of the probate court. Inre Estate of Wirebaugh (1992), 84 Ohio App.3d 1, 3-4.