OPINION
These cases are before the court on appeal from decisions by the Cuyahoga County Court of Common Pleas, Probate Court Division, which (a) declared that a certificate of deposit was an asset of the estate of the decedent, Thelma Cikraji, and (b) removed appellant, Robert Cikraji, as the executor of the estate. In his combined brief in these appeals, the former executor cites the following five assignments of error:
 I. THE COURT ERRED IN NOT ORDERING DISBURSEMENTS MADE TO BENEFICIARIES BE RETURNED PENDING TRIAL ON THE ISSUES.
 II. THE DOCTRINE OF LACHES APPLIES IN THE INSTANT MATTER.
 III. THE DOCTRINE OF WAIVER APPLIES IN THE INSTANT MATTER.
 IV. THE COURT ERRED IN FAILING TO RECOGNIZE THAT A CERTIFICATE OF DEPOSIT IS A "NEGOTIABLE INSTRUMENT" PURSUANT TO ART. 3 U.C.C., AND EACH ANNUAL CHANGE OF THE CERTIFICATE OPERATES AS A CANCELLATION OF A "PROMISSORY NOTE."
 V. THE COURT ERRED IN FAILING TO RECOGNIZE THAT THE APPELLEES NEVER ESTABLISHED THAT THE DECEDENT WAS MENTALLY INCOMPETENT TO EXECUTE A WILL OR MAKE A VALID DISPOSITION OF HER PROPERTY. THE COURT ASSUMES THAT TWELVE YEARS EARLIER DECEDENT DID NOT INTEND A NOTE EXECUTED AS A SURVIVOR-SHIP INSTRUMENT TO ACTUALLY BE SUCH AND FURTHERMORE SHE EXECUTED ELEVEN MORE SEPARATE SURVIVOR-SHIP INSTRUMENTS.
 PROCEDURAL HISTORY
Appellant was the executor of his mother's estate. He offered her will for probate on July 12, 1995, and filed an accounting of the estate's assets, receipts and disbursements. A final and distributive accounting was filed September 11, 1997. The beneficiaries of the estate filed an exception on October 21, 1997, suggesting that the accounting was not complete because it did not account for a certificate of deposit that the beneficiaries believed to be an asset of the estate. The beneficiaries later moved the court to remove appellant as the executor of the estate. The court granted the motion to remove the executor and ordered appellant to file a final account within thirty days.
In a separate adversary proceeding, the beneficiaries demanded a declaratory judgment from the probate court that the certificate of deposit belonged to the decedent and was an asset of her estate. Appellant was named as a defendant in both his individual and representative capacities. He counterclaimed, and the beneficiaries moved for summary judgment. This motion and several others were heard by a magistrate on September 9, 1998. The magistrate recommended that the court find the estate was entitled to the proceeds of the certificate of deposit. Appellant objected, but the court overruled his objections, holding that the certificate of deposit was an asset of the estate.
 LAW AND ANALYSIS A. Appeal No. 75682
In Appeal No. 75682, appellant's notice of appeal challenges the probate court order removing him as the executor of the estate. However, none of the assignments of error contests this order.[1] This court is not obligated to address the validity of an order to which the appellant neither assigns nor argues error. App.R. 12(A)(2) and 16(A)(7); Park v. Ambrose (1993),85 Ohio App.3d 179, 186. Accordingly, we will dismiss Appeal No. 75682.
 B. Appeal No. 75683 1. Return of Previously Disbursed Funds
The first assignment of error contends the trial court should have ordered the beneficiaries to return funds that had been disbursed to them by the estate, "pending trial on the issues." The basis for this argument is unclear, but, apparently, appellant asserts the previously disbursed funds should have been available to the executor "to provide [a] legal defense for himself and the estate."
Appellant has been removed as the executor. He does not challenge this ruling; therefore, he lacks standing to assert the interests of the executor on appeal. Appellant had no individual interest in the return of previously distributed funds to the probate estate. Accordingly, the first assignment of error is overruled. Cf. The Toledo Trust Co. v. Farmer (1956), 165 Ohio St. 378,385; Fried v. Fried (1989), 65 Ohio App.3d 61.
 2. Laches
The second assignment of error asserts that the beneficiaries were barred by the doctrine of laches from asserting that the certificate of deposit was an asset of the estate. (Even though appellant is no longer the executor, he has standing to pursue this issue as he claims personal ownership of the certificate of deposit.)
 The elements of laches are (1) unreasonable delay or lapse of time in asserting a right, (2) absence of an excuse for the delay, (3) knowledge, actual or constructive, of the injury or wrong, and (4) prejudice to the other party.
State ex rel. Polo v. Cuyahoga Cty. Bd. of Elections (1995),74 Ohio St.3d 143, 145.
Appellees contend that their statutory right to challenge the executor's final accounting precludes application of the doctrine of laches. However, laches is independent of any statute of limitations. "`Delay for a shorter period than the statutory limit, accompanied by other conditions, may be sufficient to destroy the beneficiary's remedy.'" Stevens v. National City Bank
(1989), 45 Ohio St.3d 276, 284 (quoting 9 Bogert, Trusts and Trustees [1982] at 511-12, section 948)
Nonetheless, appellant presented no evidence to the probate court to demonstrate that laches should preclude the beneficiaries from asserting that the certificate of deposit was an asset of the estate. There was no evidence as to the length of the beneficiaries' alleged delay in asserting the issue, much less any explanation (before the probate court or here) about why any such delay was unreasonable. Moreover, appellant did not demonstrate prejudice to himself as a result of the delay. Therefore, the second assignment of error is overruled.
 3. Waiver
The third assignment of error contends that the beneficiaries waived their right to assert that the certificate of deposit was an asset of the estate. Appellant did not raise the waiver issue in the probate court; he is barred from raising it for the first time on appeal.
 4. Certificate of Deposit as Negotiable Instrument
In his fourth assignment of error, appellant cryptically argues that the probate court erred by failing to recognize that the certificate of deposit was a negotiable instrument. He does not explain how the court's order was rendered erroneous by this failure or how the order would have changed if the court had "recognized" the legal principle he claims. Indeed, appellees concede that a certificate of deposit is "similar to a Promissory Note from the issuing bank." Accordingly, we reject the fourth assignment of error as a moot issue that does not affect the outcome of the case.
 5. Mental Competency of Decedent
Finally, appellant argues that "appellees never established that the decedent was mentally incompetent to execute a will or make a valid disposition of her property." Appellees never challenged the decedent's competency; therefore, this argument is a non sequitur.
Accordingly, we dismiss Appeal No. 75682 and affirm the probate court's judgment in Appeal No. 75683.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the probate court division of the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
LEO M. SPELLACY, P.J. and JAMES D. SWEENEY, J., CONCUR.
[1] The removal of a fiduciary, pursuant to R.C. 2109.24, rests within the sound discretion of the trial court and a reviewing court will not reverse that decision absent a clear showing of abuse of that discretion." In re Estate of Russolillo (1990),69 Ohio App.3d 448, 450; also see Hull v. Hull (June 30, 1995), Mahoning App. No. 94 C.A. 80, 94 C.A. 121, unreported.