I respectfully dissent from the decision of the majority, and would instead sustain the assignments of error and remand for further proceedings on Plaintiff-Appellant's claim for relief.
The contract in this case imposes a duty on the tenant to pay a proportionate share of any property taxes or assessments imposed on the premises, except any that are imposed both prior to the commencement date of the lease and "as a result of Landlord's initial construction of the shopping center." The dispute is over the meaning of the quoted phrase.
"In interpreting contracts, it is necessary to give the words used their ordinary, common and usual meaning in ascertaining the intention of the parties in the context of the subject matter, nature and objects of the contract." City of Aurora v. City of Bay Village (1971),27 Ohio App.2d 17, 20. "It is also an often-stated principle that rules of construction cannot be used to vary the meaning of a contract which is clear an unambiguous on its face." Id. See 17A American Jurisprudence 2d (1991) 343, Contracts, Section 337. In that respect, where an agreement is clear and unambiguous, the intention expressed and indicated thereby controls, rather than whatever may be claimed to have been the actual intention of the parties. 17A American Jurisprudence 2d (1991) 343, Contracts, Section 337.
The search for ambiguity must be confined to the four corners of the document without reference to external circumstances. Ambiguity inContract Extrinsic Evidence, 40 A.L.R.3d 1384, 1389, Section 3. Parol evidence is not admissible to explain the words in a document if their meaning is plain and clear, or to create an ambiguity in or import doubt into a contract whose meaning is otherwise clear and unambiguous. Id., at 1389, fn. 18 (citing 30 American Jurisprudence 2d, Evidence, Section 1066).
"An `ambiguity' is defined as "the condition of admitting two or more meanings, of being understood in more than one way, or of referring to two or more things at the same time * * *." Boulger v. Evans (1978),54 Ohio St.2d 371, 378 (quoting Webster's Third New International Dictionary). A contract is ambiguous when it is capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement. 17A American Jurisprudence 2d (1991) 345, Contracts, Section 338. A contract does not become ambiguous by the mere fact that the parties do not agree on the proper construction or their intent upon executing the contract.Id., Plaintiff-Appellant's claim for relief alleges that Defendant-Appellee is liable for a proportionate share of the assessments at issue, which were imposed prior to the commencement of the original lease, because those assessments do not result from its predecessor's initial construction of the shopping center. Whether or not they do presents a question of fact.
The phrase "as a result of Landlord's initial construction of the shopping center" is not ambiguous. It is not reasonably capable of conveying two or more meanings when viewed objectively in relation to the tenant's obligation to pay a proportionate share of assessments, to which it is an exception. Indeed, at oral argument counsel for Defendant-Appellee seemed incapable of explaining just what those two or more meanings might be. The phrase is capable of a broad application, and it is stated as a generality to be given specific meaning by the facts involved. However, that does not make it ambiguous., Plaintiff-Appellant moved for summary judgment on its claim for relief, arguing that no genuine issue of material fact exists on its claim and that it is entitled to judgment as a matter law, per Civ.R. 56. The motion necessarily assumed that the contract term at issue was clear and unambiguous. The court, however, used the evidence on which the motion relied relevant to the factual issue to instead find an ambiguity on the face of the written contract.
The trial court erred when it relied on matters dehors the written contract to find an ambiguity in the contract, then used those same matters as parol evidence to resolve the ambiguity it found, and, finding that they did not resolve it, entered a summary judgment against Plaintiff-Appellant on its claim for relief. There is no actual ambiguity. Further, any doubt concerning the contract's application must run in favor of Plaintiff-Appellant. The court took the opposite approach.
I would reverse and remand.