[Cite as *Vizzo v. Morris*, 2012-Ohio-2141.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| JAMES A. VIZZO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Hon. Julie A. Edwards, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2011-CA-52 |
| CHRISTINA M. MORRIS | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Civil appeal from the Fairfield County Court
of Common Pleas, Domestic Relations
Division, Case No. 09PA277

JUDGMENT:      Dismissed

DATE OF JUDGMENT ENTRY:      May 11, 2012

APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

RAINA D. CORNELL      ELIZABETH N. GABA
329 E. Main Street      1231 East Broad Street
Lancaster, OH 43130      Columbus, OH  43205

*Gwin, P.J.*

{¶1} Defendant-appellant Christina M. Morris ["Morris"] appeals the September 14, 2011 Judgment Entry of the Fairfield County Court of Common Pleas, Domestic Relations Division overruling her motion to vacate and to dismiss. Plaintiff-appellee is James A. Vizzo ["Vizzo"].

## I. FACTS AND PROCEDURAL HISTORY

{¶2} Morris and Vizzo were never married. They have one child, M.V., b. Sept 3, 2006. The parties lived together until Morris filed a Domestic Violence Civil Protection Order ["CPO"] on February 25, 2009 in Fairfield County Court of Common Pleas, Case Number 09 DR 097. The petition went to final hearing and the Court issued a Judgment Entry on April 10, 2009 finding the petition to be well taken. In that order, the Court designated Morris the residential parent and granted standard companionship of M.K. to Vizzo.

{¶3} On April 23, 2009, Vizzo filed a Motion for Contempt averring that Morris was not making the child available for visitation in accordance with the Court's prior order. The parties filed a stipulation on July 10, 2009, that was a waiver of service of "Complaints, Motions, and subpoenas during the pendency of this action."

{¶4} By Judgment Entry filed August 5, 2009, the trial court found Morris in contempt and provided a means of purging said contempt.

{¶5} On August 28, 2009, while the CPO was pending, Vizzo filed a Motion for Allocation of Parental Rights and Responsibilities in this case, i.e., Fairfield County Court of Common Pleas, Domestic Relations Division, Case Number Case No. 09 PA 277. The motion included a copy of the Paternity Registry verification from the Child

Support Enforcement Agency ["CSEA"]. A Uniform Child Custody Jurisdiction and Enforcement Act ["UCCJEA] affidavit was filed in the CPO and the instant action with the petition and the motion respectively.

{¶6} The parties filed a stipulation in this case on September 18, 2009, that was a waiver of service of "Complaints, Motions, and subpoenas during the pendency of this action."

{¶7} On September 30, 2009, Vizzo filed a motion for temporary allocation of parenting time with the child. Morris filed an opposition to this motion on October 14, 2009. On October 20, 2009 the magistrate found,

First, this is a paternity case. ORC Section 3109.043 specifically states that the Court, upon a motion and affidavit, may provide temporary orders as to custody and companionship. This can be done, even if paternity has not been established. In particular, the Court may do this "without oral hearing." Therefore, an oral hearing is not required before issuing a temporary companionship order.

Second, there is already an order for companionship in the Civil Protection Order case, Case Number 09-DR-97. In fact, there has already been a contempt hearing on Defendant's non-compliance and a finding. The current request is simply to memorialize that order into the paternity case because the order in the CPO case is for a limited time.

Wherefore, the Court hereby grants the Plaintiff companionship with the minor child, [M.K.], per the attached local rule. Pickups shall be at

the Lancaster Police Department. Mr. Vizzo shall pick a third-party to do the pick-up as the CPO prevents contact between the parties.

{¶8} On November 2, 2009 attorney Stoughton filed a Motion to Withdraw as counsel for Morris. On November 3, 2009 attorney Lipp filed a Notice of Substitution as counsel for Morris.

{¶9} On November 4, 2009, Vizzo filed a Motion for Contempt averring that Morris was not providing visitation as ordered by the court. The trial court set the motion for hearing on December 8, 2009. On November 9, 2009, the trial court granted attorney Stoughton's motion to withdraw as counsel for Morris.

{¶10} On December 9, 2009, the magistrate ordered the Fairfield County Department of Job and Family Services ("FCDJFS") be joined as a party-plaintiff. The Court further ordered the parties to submit to genetic testing.

{¶11} On December 31, 2009, the parties filed an Agreed Judgment Entry resolving the motion for contempt as to companionship and other orders. The entry further made provisions for paternity testing.

{¶12} On February 17, 2010, FCDJFS filed the genetic testing results.

{¶13} On May 17, 2010, the magistrate ordered M.K. into counseling as an issue of M.K. being abused had been raised.

{¶14} By entry filed September 2, 2010, the court scheduled the case for trial on January 10, 2011.

{¶15} On January 7, 2011, Vizzo filed a motion to continue the trial date because M.K.'s counselor had not yet prepared a final report. The trial court granted the continuance by entry filed January 14, 2011 and continued the trial to June 6, 2011.

{¶16}  On May 26, 2011, Morris filed a motion asking the Court to change M.K.'s counselor pursuant to a letter from Gretchen Leonard, LISW, Family Support Program. Morris further filed a motion to continue the trial date. The court overruled Morris' request to continue the trial date.

{¶17}  On June 2, 2011, Vizzo filed a Proposed Shared Parenting Plan. On June 9, 2011, Morris filed a motion to continue the trial date due to medical issues concerning counsel for Morris. The court granted this motion.

{¶18}  On June 10, 2011, Vizzo filed a Motion and Affidavit of Contempt and Other Relief. Vizzo further filed a motion requesting that the Court order both parties to comply with the proposed visitation and counseling plan that the court had ordered on May 17, 2010.

{¶19}  On June 10, 2011 attorney Gaba filed a Notice of Appearance as counsel for Morris.

{¶20}  On June 13, 2011, Morris filed a "Motion to Vacate All Orders and/or Judgments Rendered in this Case Due to Lack of Subject Matter Jurisdiction and for Dismissal of this Case." Morris alleged that the motions filed by Vizzo in August and September of 2009 are defective. She claimed that Vizzo failed to file a Complaint in the trial Court and attempted to initiate an action through a motion, and that any action taken by the Court was without subject matter jurisdiction. Vizzo filed his response on June 29, 2011.

{¶21}  On July 11, 2011, the magistrate overruled Morris' motion to dismiss. The case was scheduled for a three-day trial beginning December 12, 2011.

{¶22} On July 25, 2011, Morris filed objections to the magistrate's decision. On July 27, 2011, Vizzo filed a "Complaint for Allocation of Parental Rights and Responsibilities." Vizzo filed the paternity test results and a UCCJEA affidavit with his complaint. On August 1, 2011, the process server appointed by the court personally served the complaint and all accompanying documents on Morris.

{¶23} On September 6, 2011, Vizzo filed his response to Morris' objections to the magistrate's decision.

{¶24} By Judgment Entry filed September 7, 2011 the trial court granted Vizzo's motion from a Temporary Restraining Order prohibiting Morris from removing M.K. for the jurisdiction of the court without prior Court approval.

{¶25} On September 8, 2011, Morris filed a motion requesting the court set aside the temporary restraining order. By Judgment Entry filed that day, the trial court permitted Morris to take M.K. to Morris' wedding that was taking place out-of-state.

{¶26} On September 14, 2011, the trial court filed a Judgment Entry overruling Morris' objections to the magistrate's decision and affirming the denial of Morris' motion to vacate and dismiss.

{¶27} On September 15, 2011, the case was set for a pre-trial conference on November 14, 2011. On September 16, 2011, the Court set Vizzo's motion for contempt for hearing on November 14, 2011. Also set for that time was Vizzo's motion requesting that the Court order both parties to comply with the proposed visitation and counseling plan that the court had ordered on May 17, 2010.

## II. ASSIGNMENTS OF ERROR

**{¶28}** On October 7, 2011, Morris filed her notice of appeal raising the following assignments of error:

**{¶29}** "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT DID NOT DISMISS THE CASE AND VACATE ALL ORDERS IN THE CASE, AND ERRED BY FINDING THAT THE "MOTION FOR ALLOCATION OF PARENTAL RIGHTS AND RESPONSIBILITIES" FILED BY APPELLEE CONSTITUTED A "DE FACTO" COMPLAINT. APPELLEE'S "MOTION" DID NOT ADHERE TO THE MANDATES OF CIV. R. 3(A) AND WAS THUS FATALLY DEFECTIVE.

**{¶30}** "II. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT DID NOT DISMISS THE CASE AND VACATE ALL ORDERS IN THE CASE, AND ERRED IN NOT FINDING THAT THE "MOTION FOR ALLOCATION OF PARENTAL RIGHTS AND RESPONSIBILITIES" AND THE "MOTION FOR GENETIC TESTING" FILED BY APPELLEE WERE FATALLY DEFECTIVE PURSUANT TO THE MANDATES OF FAIRFIELD COUNTY DOMESTIC RELATIONS COURT LOCAL RULES 30.1 AND 30.2.

**{¶31}** "III. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT DID NOT DISMISS THE CASE AND VACATE ALL ORDERS IN THE CASE, AND ERRED IN NOT FINDING THAT THE MAGISTRATE WAS CORRECT IN HIS ASSERTION THAT THE COMPLAINT WAS DEFECTIVE, BUT WAS WRONG IN HIS ASSERTION THAT HE COULD MAINTAIN ORDERS FILED IN A FATALLY DEFECTIVE CASE IN THE INTEREST OF THE CHILDREN.

**{¶32}** "IV. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT DID NOT DISMISS THE CASE AND VACATE ALL ORDERS IN THE CASE, AND ERRED IN ITS RELIANCE ON *PEARL V. PORRATA* TO FIND THAT THERE WAS A "DE FACTO COMPLAINT.

**{¶33}** "V. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT DID NOT DISMISS THE EASE AND VACATE ALL ORDERS IN THE CASE, AS THE COURT DID NOT HAVE THE POWER OR AUTHORITY TO RENDER THE PARTICULAR JUDGMENTS."

### III. ANALYSIS

#### A. Jurisdiction of Court of Appeals

**{¶34}** In each of her assignments of error, Morris alleges that the motions filed by Vizzo in August and September of 2009 are defective. She claimed that Vizzo failed to file a Complaint in the trial Court and attempted to initiate an action through a motion, and that any action taken by the Court was without subject matter jurisdiction.

**{¶35}** Before reaching the merits of the appeal, we must address the threshold issue of whether the judgment appealed is a final, appealable order.

**{¶36}** Ohio Constitution, Article IV, Section 3(B)(2) limits an appellate court's jurisdiction to the review of final judgments. Even if the issue is not raised by either party, an appellate court must address, sua sponte, whether there is a final appealable order ripe for review. *State ex rel. White v. Cuyahoga Metro. Hous. Aut.,* 79 Ohio St.3d 543, 544, 1997-Ohio-366, 684 N.E.2d 72. This court has no choice but to sua sponte dismiss an appeal that is not taken from a final, appealable order. *Whitaker-Merrell v. Geupel Constr. Co.*, 29 Ohio St.2d 184, 280 N.E.2d 922(1972).

**{¶37}** For a judgment to be final and appealable, it must satisfy R.C. 2505.02 and, if applicable, Civ.R. 54(B). *General Acc. Ins. Co. v. Insurance of North America*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266(1989); *Hitchings v. Weese* (1997), 77 Ohio St.3d 390, 674 N.E.2d 688 (Resnick, J., concurring); *Harris v. Conrad,* 12th Dist. No. CA–2001–12 108, 2002-Ohio-3885.

**{¶38}** R.C. 2505.02, which defines a final, appealable order, provides:

(A) As used in this section:

(1) "Substantial right" means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.

(2) "Special proceeding" means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity.

(3) "Provisional remedy" means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of evidence, a prima-facie showing pursuant to section 2307.85 or 2307.86 of the Revised Code, a prima-facie showing pursuant to section 2307.92 of the Revised Code, or a finding made pursuant to division (A)(3) of section 2307.93 of the Revised Code.

(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

(3) An order that vacates or sets aside a judgment or grants a new trial;

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

**{¶39}** * * *"

**{¶40}** Thus, under R.C. 2505.02(B), an order is a final, appealable order if it satisfies each part of a three-part test: (1) the order must either grant or deny relief sought in a certain type of proceeding, which the General Assembly calls a "provisional remedy," (2) the order must both determine the action with respect to the provisional remedy and prevent a judgment in favor of the appealing party with respect to the provisional remedy, and (3) the reviewing court must decide that the party appealing the order would not be afforded a meaningful or effective remedy by an appeal following final judgment. *Sinnott v. Aqua-Chem, Inc.,* 116 Ohio St.3d 158, 2007-Ohio-5584, 876

N.E.2d 1217, ¶ 16; *State v. Muncie*, 91 Ohio St.3d 440, 446, 2001-Ohio-93, 746 N.E.2d 1092.

### 1. Overruling Motion to Dismiss for Lack of Subject Matter Jurisdiction

**{¶41}** An order affects a substantial right when, if not immediately appealable, it would foreclose appropriate relief in the future. *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63, 616 N.E.2d 181(1993). The order affirming the magistrate's denial of Morris' motion to dismiss for lack of subject matter jurisdiction entered in this case does not determine the action and prevent a judgment, nor is it an order that affects a substantial right made in a special proceeding. In the case at bar, the underlying action is one to determine parentage, with ancillary issues of child visitation and support. While proceedings in the juvenile division, including parentage actions, are special statutory proceedings, no substantive right has been affected because there has been no hearing upon the merits of the case, nor has there been an order declaring the status of parties concerning M.K. Therefore, in the case at bar, Morris' rights have not been affected by the trial court's order assuming jurisdiction. *State ex rel. Fowler v. Smith* (1994), 68 Ohio St.3d 357, 360, 1994-Ohio-302; *Genhart v. David*, 7th Dist. No. 10 MA 144, 2011-Ohio-6732.

**{¶42}** A party claiming that a trial court lacked jurisdiction can raise that same argument in an appeal from an adverse final judgment. Accordingly, the absence of an immediate appeal does not foreclose appropriate relief. The Fourth District Court of Appeals has held that denial of a mother's motion to dismiss a father's motion for change of custody for want of subject matter jurisdiction is not a final, appealable order. *Holm v. Smilowitz*, 83 Ohio App.3d 757, 615 N.E.2d 1047 (1992). *Accord Haskins v.*

*Haskins*, 104 Ohio App.3d 58, 61, 660 N.E.2d 1260 (1995). Morris may still prevail on the merits of her visitation, support and custody issues; if not, Morris may insert the overruling of her motion to dismiss for lack of jurisdiction by an appeal of the final judgment entered in the case. All parties to the matter will have a meaningful and effective remedy as to all issues in the case by an appeal following final judgment. See, *Davis v. Boone,* 8th Dist. No. 96812, 2011-Ohio-6447, ¶17; *State ex rel. Wilkerson v. Truss* (1999), 133 Ohio App.3d 633, 636, 729 N.E.2d 459(1999).

**{¶43}** The trial court's order affirming the magistrate's decision denying Morris' motion to vacate and dismiss does not determine the action (R.C. 2505.02(B)(1)), affect a substantial right (R.C. 2505.02(B)(2)), or vacate or set aside a judgment to qualify as a final, appealable order (R.C. 2505.02(B)(3)).

**{¶44}** Hence, this court is without jurisdiction, and the appeal must be dismissed.

## III. CONCLUSION

**{¶45}** Having reviewed the arguments and the record in this case, we dismiss the appeal for lack of subject matter jurisdiction because the order appealed from is not a final appealable order.

By Gwin, P.J.,

Farmer, J., and

Edwards, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

_____
HON. JULIE A. EDWARDS

WSG:clw 0424

[Cite as *Vizzo v. Morris*, 2012-Ohio-2141.]

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO

FIFTH APPELLATE DISTRICT

JAMES A. VIZZO                          :
                                        :
            Plaintiff-Appellee          :
                                        :
                                        :
-vs-                                    :          JUDGMENT ENTRY
                                        :
CHRISTINA M. MORRIS                     :
                                        :
                                        :
            Defendant-Appellant         :          CASE NO. 2011-CA-52


        For the reasons stated in our accompanying Memorandum-Opinion, we dismiss

the appeal for lack of subject matter jurisdiction because the order appealed from is not

a final appealable order.  Costs to appellant.



                                        _____
                                        HON. W. SCOTT GWIN



                                        _____
                                        HON. SHEILA G. FARMER



                                        _____
                                        HON. JULIE A. EDWARDS