[Cite as *In re Estate of Bringman*, 2017-Ohio-7083.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| IN THE MATTER OF: | JUDGES:<br>Hon. Patricia A. Delaney, P J.<br>Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| THE ESTATE OF BARBARA | Case No. 17 CA 1 |
| JEAN BRINGMAN, DECEASED | O P I N I O N |

|  |  |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Probate Division, Case No. 2016-1217 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | August 2, 2017 |

APPEARANCES:

| For Appellant | For Appellee |
|---|---|
| WILLIAM PAUL BRINGMAN<br>7100 North High Street<br>Suite 101<br>Worthington, Ohio 43085-2316 | NO APPEARANCE |

*Wise, John, J.*

{¶1} Appellant William Paul Bringman appeals the decision of the Knox County Court of Common Pleas, Probate Division, which found it had jurisdiction over his ex-wife's estate. The relevant facts leading to this appeal are as follows.

{¶2} On September 13, 2016, Appellee Steven McGann, a Columbus attorney, filed an application in the Knox County Probate Court (hereinafter "trial court") requesting authority to administer the estate of Barbara J. Bringman, decedent. According to said application, Ms. Bringman, at the time of her death on or about March 23, 2016, had been "living temporarily at Lyn Village Apartments *** Reynoldsburg, OH 43068 but was a Knox County resident up to that point." The application also stated that to the best of Attorney McGann's knowledge, Ms. Bringman did not leave a will.

{¶3} A hearing on Attorney McGann's application was thereupon scheduled for a hearing at the Knox County Probate Court on October 26, 2016 at 10:00 AM.

{¶4} However, about one hour before the aforesaid hearing, Appellant William Paul Bringman, a Worthington attorney and the decedent's ex-husband, filed a written objection and motion to deny the appointment of Attorney McGann, essentially asserting that Knox County lacked jurisdiction over the estate. Attached to the motion was a copy of an entry from the Franklin County Probate Court, dated October 24, 2016, naming Attorney Bringman (executor) as the fiduciary for the estate of Barbara J. Bringman under Franklin County Probate Case No. 581473.[1] Accordingly, the trial court set the matter for

---

[1] Documentation in our present Knox County appellate record indicates the Franklin County Probate Court vacated appellant's appointment as executor on November 4, 2016. *See* Docket Item No. 10. Subsequent activity in Franklin County has not been provided in the record.

a new hearing on December 1, 2016 at the Knox County Probate Court. The hearing went forward as scheduled.

{¶5} On January 23, 2017, the trial court issued a judgment entry ordering that the administration of Ms. Bringman's estate would proceed in Knox County under case number 2016-1217. The court also therein requested that the Franklin County Probate Court forward certified copies of Ms. Bringman's will and the entry admitting the will. The court also stated in the entry that the will would be administered as a foreign document. Finally, the matter of Attorney McGann's original application to be appointed as administrator of the estate was set for a hearing on February 23, 2017.

{¶6} On February 17, 2017, Attorney Bringman filed a notice of appeal. He herein raises the following sole Assignment of Error:

{¶7} "I. THE TRIAL COURT ERRED IN RULING THAT JURISDICTION TO ADMINISTER THE ESTATE OF BARBARA JEAN BRINGMAN, DECEASED, LIES WITH THE KNOX COUNTY PROBATE COURT."

I.

{¶8} In his sole Assignment of Error, appellant contends the trial court erred in holding that jurisdiction over the estate in question lies in Knox County. We disagree.

{¶9} Appellant herein relies in large measure on R.C. 2107.11(A)(1), which states that "[a] will shall be admitted to probate *** [i]n the county in this state in which the testator was domiciled at the time of the testator's death."

{¶10} However, we note appellant is attempting to appeal a judgment entry which established probate court jurisdiction (rejecting appellant's claim that Franklin County was the proper forum) and merely set the issues of administration or execution of the estate

for further hearing in Knox County. We find the trial court's said judgment entry was in the nature of a denial of a motion to dismiss for lack of jurisdiction.

**{¶11}** As a general rule, a judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order. *See Moscarello v. Moscarello,* 5th Dist. Stark No. 2014CA00181, 2015–Ohio–654, ¶ 11, quoting *Rice v. Lewis,* 4th Dist. Scioto No. 11CA3451, 2012–Ohio–2588, ¶ 14 (additional citations omitted). We have also observed: "A party claiming that a trial court lacked jurisdiction can raise that same argument in an appeal from an adverse final judgment." *Vizzo v. Morris*, 5th Dist. Fairfield No. 2011–CA–52, 2012-Ohio-2141, ¶ 42. For example, in the realm of family law, the denial of a parent's motion to dismiss the other parent's motion for child custody for want of subject matter jurisdiction is not a final, appealable order. *Id.*, citing *Holm v. Smilowitz,* 83 Ohio App.3d 757, 765, 615 N.E.2d 1047 (1992), f.n. 7.

**{¶12}** Appellant's brief in the case *sub judice* sheds no light on the question of final appealability, and appellee has not filed a response brief in this appeal. However, assuming *arguendo* the judgment entry before us is a final appealable order, we note the following law set forth in R.C. 2107.33(D): "If after executing a will, a testator is divorced, *** any nomination in the will of the former spouse as executor, trustee, or guardian shall be revoked unless the will expressly provides otherwise."

**{¶13}** We herein take judicial notice of our October 27, 2016 opinion in *Bringman v. Bringman*, 5th Dist. Knox No. 16CA01, 2016–Ohio–7514, in which we concluded that appellant's April 17, 2014 divorce from Ms. Bringman was final. *Id.* at ¶ 29. Therefore, based on the documentation before us, it is not evident that appellant has a viable

fiduciary interest in the administration or execution of Ms. Bringman's estate. Furthermore, we have frequently recognized that an appellant, in order to secure reversal of a judgment, must generally show that a recited error was prejudicial to him. *See Tate v. Tate,* 5th Dist. Richland No. 02–CA–86, 2004–Ohio–22, ¶ 15, citing *Ames v. All American Truck & Trailer Service,* 6th Dist. Lucas No. L–89–295, 1991 WL 16509. Specifically, "[i]t is well settled in Ohio that an executor cannot appeal a judgment which does not prejudice him in his representative capacity." *Fried v. Fried*, 65 Ohio App.3d 61, 63, 582 N.E.2d 1038 (8th Dist.1989), citing *Boulger v. Evans* (1978), 54 Ohio St.2d 371, 375, 377 N.E.2d 753. Thus, even if appellant could in some manner legally establish his position as the executor, he presently makes no attempt to explain why his potential duties in that role would be prejudiced by maintaining the estate proceedings in Knox County.

{¶14} Accordingly, under the circumstances presented in the case *sub judice,* we find no demonstration of prejudicial error warranting reversal.

{¶15} Appellant's sole Assignment of Error is overruled.

{¶16} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Probate Division, Knox County, Ohio, is affirmed.

By: Wise, John, J.
Delaney, P. J., and
Baldwin, J., concur.

JWW/d 0712