[Cite as *In re Estate of Bringman*, 2018-Ohio-1906.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| | **JUDGES:** |
| | Hon. John W. Wise, P. J. |
| IN THE MATTER OF: | Hon. Patricia A. Delaney, J. |
| | Hon. Craig R. Baldwin, J. |
| | |
| THE ESTATE OF BARBARA | Case No. 17 CA 21 |
| | |
| JEAN BRINGMAN, DECEASED | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Probate Division, Case No. 03 CR 621D |
| | |
| JUDGMENT: | Affirmed |
| | |
| DATE OF JUDGMENT ENTRY: | May 14, 2018 |

APPEARANCES:

| For Plaintiff-Appellant | For Defendant-Appellee |
|---|---|
| WILLIAM PAUL BRINGMAN | NO APPEARANCE |
| BRINGMAN LEGAL CO., LPA | |
| 7100 North High Street | |
| Suite 101 | |
| Worthington, Ohio 43085-2316 | |

*Wise, P. J.*

{¶1}     Appellant William Paul Bringman appeals the October 26, 2017, decision of the Knox County Court of Common Pleas, Probate Division, which granted Steven C. McGann's Application to be Appointed Administer of the Estate of Barbara J. Bringman and denied Appellant's "Protective Application" for Appointment as Executor.

{¶2}     Appellee Steven McGann has not filed a brief in this matter.

{¶3}     This case comes to us on the accelerated calendar.  App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:

{¶4}     "(E) Determination and judgment on appeal.  The appeal will be determined as provided by App.R. 11.1.  It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.  The decision may be by judgment entry in which case it will not be published in any form."

{¶5}     This appeal shall be considered in accordance with the aforementioned rule.

STATEMENT OF THE FACTS AND CASE

{¶6}     The relevant facts leading to this appeal are as follows.

{¶7}     On September 13, 2016, Appellee Steven McGann, a Columbus attorney, filed an application in the Knox County Probate Court (hereinafter "trial court") requesting authority to administer the estate of Barbara J. Bringman, decedent. According to said application, Ms. Bringman, at the time of her death on or about March 23, 2016, had been "living temporarily at Lyn Village Apartments *** Reynoldsburg, OH 43068 but was a Knox

County resident up to that point." The application also stated that to the best of Attorney McGann's knowledge, Ms. Bringman did not leave a will.

**{¶8}** A hearing on Attorney McGann's application was thereupon scheduled for a hearing at the Knox County Probate Court on October 26, 2016 at 10:00 AM.

**{¶9}** However, about one hour before the aforesaid hearing, Appellant William Paul Bringman, a Worthington attorney and the decedent's ex-husband, filed a written objection and motion to deny the appointment of Attorney McGann, essentially asserting that Knox County lacked jurisdiction over the estate. Attached to the motion was a copy of an entry from the Franklin County Probate Court, dated October 24, 2016, naming Attorney Bringman (executor) as the fiduciary for the estate of Barbara J. Bringman under Franklin County Probate Case No. 581473.[1] Accordingly, the trial court set the matter for a new hearing on December 1, 2016, at the Knox County Probate Court. The hearing went forward as scheduled.

**{¶10}** On January 23, 2017, the trial court issued a judgment entry ordering that the administration of Ms. Bringman's estate would proceed in Knox County under case number 2016-1217. The court also therein requested that the Franklin County Probate Court forward certified copies of Ms. Bringman's will and the entry admitting the will. The court also stated in the entry that the will would be administered as a foreign document. Finally, the matter of Attorney McGann's original application to be appointed as administrator of the estate was set for a hearing on February 23, 2017.

---

[1] Documentation in our present Knox County appellate record indicates the Franklin County Probate Court vacated appellant's appointment as executor on November 4, 2016. *See* Docket Item No. 10. Subsequent activity in Franklin County has not been provided in the record.

**{¶11}** On February 17, 2017, Attorney Bringman filed a notice of appeal, challenging the jurisdiction of Knox County to administer the Estate.

**{¶12}** By Opinion and Entry filed August 2, 2017, this Court denied the appeal. *See In the Matter of the Estate of Barbara Jean Bringman*, 5th Dist. Knox Case No. 17CA1, 2017-Ohio-7083.

**{¶13}** Appellant filed an Application for Reconsideration and an Application for *En Banc* Consideration of our August 2, 2017, decision, which this Court denied on October 12, 2017.

**{¶14}** On September 7, 2017, the probate court held a hearing on the Application of Steven C. McGann to be appointed Administrator, with the Will Annexed, of the Estate of Barbara J. Bringman and the "Protective Application" for Appointment as Executor filed by Appellant William P. Bringman.

**{¶15}** By Judgment Entry filed October 26, 2017, the probate court denied the application of Appellant and granted Steven McGann's Application to Administrator.

**{¶16}** Appellant now appeals, assigning the following errors for review:

<u>ASSIGNMENTS OF ERROR</u>

**{¶17}** "I. THE TRIAL COURT ERRED IN ADJUDGING THAT APPELLANT LACKED STANDING TO SEEK APPOINTMENT AS EXECUTOR OF THE ESTATE OF BARBARA JEAN BRINGMAN, DECEASED.

**{¶18}** "II. THE TRIAL COURT ERRED IN APPOINTING APPELLEE ADMINISTRATOR WITH THE WILL ANNEXED INSTEAD OF APPELLANT, EXECUTOR OF THE ESTATE OF BARBARA JEAN BRINGMAN, DECEASED.

**{¶19}** "III. THE TRIAL COURT ERRED IN NOT APPOINTING APPELLANT EXECUTOR OF THE ESTATE OF BARBARA JEAN BRINGMAN, DECEASED.

**{¶20}** "IV. THE TRIAL COURT ERRED IN ADJUDGING THAT THE TRIAL COURT HAS JURISDICTION TO ADMINISTER THE ESTATE OF BARBARA JEAN BRINGMAN, DECEASED TO THE EXCLUSION OF THE FRANKLIN COUNTY PROBATE COURT.

**{¶21}** "V. THE TRIAL COURT ERRED IN ADJUDGING THAT APPELLANT IS NOT THE SURVIVING SPOUSE OF THE DECEASED HEREIN."

<u>Appellant's Brief</u>

**{¶22}** Upon review of the filings in this matter, we find Appellant's brief not to be in compliance with the Appellate Rules.

**{¶23}** Ohio Rule of Appellate Procedure 16 requires:

The appellant shall include in its brief, under the headings and in the order indicated, all of the following:

***

(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

**{¶24}** ***

**{¶25}** Ohio Appellate Rule 12 reads:

(A) Determination

* * *

(2) The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A).

**{¶26}** Compliance with the above-stated rule is mandatory. Also, an appellate court may rely upon App.R. 12(A) in overruling or disregarding an assignment of error because of "the lack of briefing" on the assignment of error. *Henry v. Gastaldo*, 5th Dist. No. 2005-AP-03-0022, 2005-Ohio-4109, citing *Hawley v. Ritley* (1988), 35 Ohio St.3d 157, 159, 519 N.E.2d 390, 392-393; *State v. Watson* (1998) 126 Ohio App.3d, 316, 710 N.E.2d 340, discretionary appeal disallowed in (1998), 82 Ohio St.3d 1413, 694 N.E.2d 75.

**{¶27}** Appellant's brief herein does not comply with the Ohio Rules of Appellate Procedure and the Local Rules of the Fifth Appellate Judicial District. Appellant's brief fails to set forth any separate assignments of error. Instead, it contains approximately seven pages of facts and allegations with no attempt to relate the arguments to the individual errors assigned.

**{¶28}** This Court will not assume the role of advocate for Appellant in attempting to organize and prosecute the arguments on appeal. This Court has previously observed in *Musleve v. Musleve,* 5th Dist. No.2007CA00314, 2008-Ohio-3961:

**{¶29}** "It is not a function of this Court to construct a foundation for claims; failure to comply with the rules governing practice in the appellate court is a tactic which is ordinarily fatal."

**{¶30}** Appellant's failure to comply with Ohio Appellate Rule 16 is tantamount to failing to file a brief in this matter. "Errors not specifically pointed out in the record and separately argued by brief may be disregarded." *Id.*

**{¶31}** We shall review Appellant's assignments of error accordingly.

**I, II, III, IV, V**

**{¶32}** Upon review, we find that Appellant raises two arguments in his brief, 1) that he is the surviving spouse of the decedent and therefore has standing to be appointed executor, and 2) Knox County does not have jurisdiction to administer decedent's Estate.

**{¶33}** Upon review, we find Appellant's arguments are barred by the doctrine of *res judicata*. In *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, syllabus, the Supreme Court of Ohio explained res judicata as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." In *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 3, the Supreme Court of Ohio summarized the "law of the case" doctrine as follows: Briefly, the doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.* * * Thus, where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law.

**{¶34}** In our October 27, 2016, opinion in *Bringman v. Bringman*, 5th Dist. Knox No. 16CA01, 2016–Ohio–7514, this Court concluded that appellant's April 17, 2014, divorce from Ms. Bringman was final. *Id.* at ¶ 29.

**{¶35}**   In our August 2, 2017, opinion in *In the Matter of the Estate of Barbara Jean Bringman*, 5th Dist. Knox No. 17CA1, 2017-Ohio-7083, we concluded that jurisdiction was proper in Knox County.

**{¶36}**   Based on the foregoing, we find Appellant's arguments not well-taken.

**{¶37}**   Appellant's assignments of error are overruled.

**{¶38}**   For the foregoing reasons, the decision of the Court of Common Pleas, Probate Division, Knox County, Ohio, is affirmed.

By: Wise, P. J.

Delaney, J., and

Baldwin, J., concur.

JWW/d 0507