DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Jeff Lamkin, appeals the judgment of the Cuyahoga Falls Municipal Court, which found a valid, enforceable contract between Lamkin and appellee, MEP of Ohio, Inc. ("MEP"). This Court affirms.
 I. {¶ 2} On March 30, 2007, MEP filed a complaint against Lamkin, alleging breach of contract. The breach was premised on Lamkin's cancellation of a contract for lawn services and failure to pay liquidated damages pursuant to the agreement. *Page 2 
 {¶ 3} The matter was heard before the magistrate on May 17, 2007. The magistrate found that the liquidated damages provision was not unreasonable or unfair and recommended judgment in favor of MEP in the amount of $710.00, or one-half of the contract price, plus interest and costs. Lamkin timely objected to the magistrate's decision, arguing that the contract was void for lack of mutuality of obligation. On August 2, 2007, the trial court issued an order, overruling Lamkin's objections, adopting the magistrate's decision, and awarding judgment in favor of MEP in the amount of $710.00, plus interest and costs. Lamkin timely appeals, asserting one assignment of error for review.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN HOLDING THAT A VALID CONTRACT EXISTED BETWEEN [LAMKIN] AND [MEP] BECAUSE THE CONTRACT LACKED MUTUALITY OF OBLIGATION."
 {¶ 4} Lamkin argues that the trial court erred by awarding judgment in favor of MEP for the reason that the contract was void for lack of mutuality of obligation. This Court disagrees.
 {¶ 5} The Ohio Supreme Court has stated:
 "A contract is generally defined as a promise, or a set of promises, actionable upon breach. Essential elements of a contract include an offer, acceptance, contractual capacity, consideration (the bargained for benefit and/or detriment), a manifestation of mutual assent and legality of object and of consideration. A meeting of the minds as to the essential terms of the contract is a requirement to enforcing the *Page 3 
contract." (Internal citations and quotations omitted.) Kostelnik v. Helper, 96 Ohio St.3d 1, 2002-Ohio-2985, at ¶ 16.
"[T]he concept of mutuality of obligation expresses the idea that both parties to the contract must be bound or neither is bound." (Internal quotations omitted.) Helle v. Landmark, Inc. (1984), 15 Ohio App.3d 1,12.
 {¶ 6} The parties' agreement stated, in relevant part:
 "Our grounds maintenance service on your property will be in a professional manner, in return you are agreeing to a professional working relationship with us, upon acceptance by both parties this forms a binding agreement. Please speak to us about any concerns or questions before agreeing to this agreement. * * * Also, our commitment to provide agreed upon service to you makes it impossible for us to replace other work for your work we have agreed upon with you. Either party may cancel this agreement at any time, however a service charge equal to ½ of monies still due will be enforced in that event, or in the case of payment by you in advance, we will refund ½ of monies due back to you. If the cancellation is on our part, all monies still due will be returned to you or waived."
 {¶ 7} Lamkin argues that this agreement is illusory as MEP can avoid performance at any time without penalty, whereas Lamkin is subject to a penalty if he cancels the agreement.[1] This Court disagrees.
 {¶ 8} This contract obligates MEP to provide lawn care services, as it obligates Lamkin to pay for requested lawn care services. Under the parties' agreement, MEP could not require payment greater than that agreed upon *Page 4 
completion of its services. By the same token, Lamkin is bound to pay for the services he scheduled, as MEP could have scheduled service to other customers during that time. In the case of Lamkin's cancellation, the contract provides for liquidated damages to compensate MEP, as the calculation of actual damages would be difficult or impracticable. The contract further provides that Lamkin would receive a refund for any monies he paid for services which were cancelled by MEP.
 {¶ 9} The contract between Lamkin and MEP is not illusory. Instead, it is merely ambiguous as to the amount of the liquidated damages to be awarded to MEP in the event of Lamkin's cancellation. The liquidated damages provision also penalizes MEP if Lamkin cancels the contract, although the amount of such penalty would depend on the timing of the cancellation. For example, if Lamkin cancels the contract after MEP has performed more than one-half of the contract service, it could be argued that MEP would suffer a penalty because it would not be paid for the work done in excess of the initial deposit amount as there is no "amount due" under the contract until the completion of the contract, which will never occur.
 {¶ 10} This Court has defined "ambiguity" as "`the condition of admitting of two or more meanings, of being understood in more than one way, or of referring to two or more things at the same time[.]'"Robinson v. Beck, 9th Dist. No. 21094, 2003-Ohio-1286, at ¶ 25, quotingBoulger v. Evans (1978), *Page 5 54 Ohio St.2d 371, 378, quoting Webster's Third New International Dictionary. One understanding of the liquidated damages provision would result in the scenario described by the dissent and another understanding would result in the scenario described above. However, such ambiguity does not render the contract illusory as void of mutuality. Under these circumstances, this Court cannot find that the trial court erred by finding mutuality of obligation and by enforcing a valid contract. Lamkin's assignment of error is overruled.
 III. {¶ 11} Lamkin's assignment of error is overruled. The judgment of the Cuyahoga Falls Municipal Court is affirmed.
[1] Lamkin does not challenge the viability of a liquidated damages provision within this context. Accordingly, this Court does not address that issue.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Cuyahoga Falls Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). *Page 6 
The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Slaby, J. Dickinson, J. Concur