[Cite as *Ohio Fabricators, Inc. v. Aster Elements, Inc.*, 2019-Ohio-3978.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| OHIO FABRICATORS, INC. | C.A. No. 28934 |
|---|---|
| | 28911 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ASTER ELEMENTS, INC., et al. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellees | CASE No. CV-2016-04-1896 |

DECISION AND JOURNAL ENTRY

Dated: September 30, 2019

TEODOSIO, Presiding Judge.

**{¶1}** Ohio Fabricators, Inc. ("Ohio Fabricators") appeals the order of the Summit County Court of Common Pleas granting summary judgment in favor of Aster Elements, Inc. ("Aster") and Travelers Casualty & Surety Company of America ("Travelers"). We reverse and remand.

I.

**{¶2}** In October 2013, Ohio Fabricators entered into a subcontract agreement with Aster for the installation of exterior panels on a construction project for Cincinnati Children's Hospital. The hierarchy of contractors began with the general contractor, Messer Construction, which hired the exterior general contractor, Pioneer Cladding and Glazing ("Pioneer"), which hired Aster as an exterior subcontractor. Aster subsequently hired Ohio Fabricators. Travelers issued a payment bond and a performance bond for Aster's scope of the project, with Pioneer as the obligee and Aster as the principal.

{¶3}    In 2016, Ohio Fabricators commenced an action against Aster and Travelers, alleging multiple claims for breach of contract, detrimental reliance, and unjust enrichment. Both Aster and Travelers asserted several counterclaims against Ohio Fabricators.  In November 2017, upon motions for summary judgment filed by all parties, the trial court granted summary judgment in favor of Aster and Travelers on all five counts of Ohio Fabricators' amended complaint;  denied Ohio Fabricators' motion for summary judgment as to Aster's amended counterclaim and as to counts one and two of Travelers' amended counterclaim; and granted summary judgment in favor of Ohio Fabricators on the third count of Travelers' amended counterclaim.

{¶4}    Ohio Fabricators' now appeals, raising six assignments of error, which we have reordered for the purposes of our analysis.

## II.

{¶5}    Appellate review of an award of summary judgment is de novo.  *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).  Summary judgment is appropriate under Civ.R. 56 when: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party.  *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977), citing Civ.R. 56(C).  A court must view the facts in the light most favorable to the non-moving party and must resolve any doubt in favor of the non-moving party.  *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358–359 (1992).  A trial court does not have the liberty to choose among reasonable inferences in the context of summary judgment, and all competing inferences and

questions of credibility must be resolved in the nonmoving party's favor. *Perez v. Scripps–Howard Broadcasting Co.*, 35 Ohio St.3d 215, 218 (1988).

{¶6} The Supreme Court of Ohio has set forth the nature of this burden-shifting paradigm:

> [A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.

*Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996).

## ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED IN FINDING A PAY-IF-PAID CLAUSE APPLIED[.]

{¶7} In its second assignment of error, Ohio Fabricators argues the trial court erred in finding that a pay-if-paid clause was applicable to the project. We agree.

{¶8} In granting summary judgment on the amended complaint in favor of Aster and Travelers, the trial court found that because final payment had not been made to Aster, Aster was under no obligation to pay Ohio Fabricators for any outstanding payments because of the application of a pay-if-paid provision in the subcontract.

{¶9} Generally, there are two types of contractual provisions that establish the manner of payment from a general contractor to a subcontractor: pay-when-paid and pay-if-paid.

*Transtar Elec., Inc. v. A.E.M. Elec. Servs. Corp.*, 140 Ohio St.3d 193, 2014-Ohio-3095, ¶ 10. A pay-when-paid provision is an unconditional promise to pay the subcontractor that is not dependent upon the owner's nonpayment. *Id.* Alternatively, a pay-if-paid provision is a conditional promise to pay the subcontractor that is enforceable only if a condition precedent, such as the payment by the owner to the general contractor, occurs. *Id.* at ¶ 11. Such a provision requires the general contractor to pay the subcontractor only if the general contractor is paid by the owner, therefore transferring the risk of nonpayment to the subcontractor. *Id.*

{¶10} In finding that a pay-if-paid clause was dispositive of Ohio Fabricators' claims, the trial court relied upon Article 8.1.3 as contained in the General Conditions of the Subcontract, which provides:

> It is specifically understood and agreed that payment to the Subcontractor including any retention shall be made only after receipt of payment by Aster Elements, Inc. from the Owner, and such payment by Owner to Aster Elements, Inc. is a condition precedent to Aster Elements, Inc.'s obligation to pay the Subcontractor.

Ohio Fabricators argue that the trial court erred in finding the pay-if-paid clause was applicable because it improperly interpreted the language of the provision in determining that it applied to Pioneer's nonpayment of funds to Aster.

{¶11} "When confronted with an issue of contract interpretation, our role is to give effect to the intent of the parties. We will examine the contract as a whole and presume that the intent of the parties is reflected in the language of the contract." *Sunoco, Inc. (R & M) v. Toledo Edison Co.*, 129 Ohio St.3d 397, 2011–Ohio–2720, ¶ 37. "In addition, we will look to the plain and ordinary meaning of the language used in the contract unless another meaning is clearly apparent from the contents of the agreement. When the language of a written contract is clear, a court may look no further than the writing itself to find the intent of the parties." *Id.* "Only when

the language of a contract is unclear or ambiguous, or when the circumstances surrounding the agreement invest the language of the contract with a special meaning will extrinsic evidence be considered in an effort to give effect to the parties' intentions." *Shifrin v. Forest City Ents.*, 64 Ohio St.3d 635 (1992), syllabus. The determination of whether a contract is ambiguous is a question of law that this Court reviews de novo. *Salter v. Salter*, 9th Dist. Summit No. 26440, 2013–Ohio–559, ¶ 6, citing *Hahn v. Hahn*, 9th Dist. Medina No. 11CA0064–M, 2012–Ohio–2001, ¶ 9. *See also Denman v. State Farm Ins. Co.*, 9th Dist. Lorain No. 05CA008744, 2006–Ohio–1308, ¶ 12.

{¶12} The trial court is given great latitude in determining the meaning of ambiguous terms, including the intent of the parties and the equities involved. *In re Dissolution of Marriage of Seders*, 42 Ohio App.3d 155, 156 (9th Dist.1987). However, the trial court must remain true to the guiding principle of contract interpretation: "[I]f the contract terms are clear and precise, the contract is not ambiguous and the trial court is not permitted to refer to any evidence outside of the contract itself, including the purported intentions of the parties." *Ryan v. Ryan*, 9th Dist. Summit No. 19347, 1999 WL 980572, *1 (Oct. 27, 1999); *see also Lawler v. Burt*, 7 Ohio St. 340, 350-351 (1857). "Common words appearing in a written instrument will be given their ordinary meaning unless manifest absurdity results, or unless some other meaning is clearly evidenced from the face or overall contents of the instrument." *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St.2d 241 (1978), paragraph two of the syllabus. Thus, if a contract is unambiguous, the language of the contract controls and "[i]ntentions not expressed in the writing are deemed to have no existence and may not be shown by parol evidence." *Aultman Hosp. Assn. v. Community Mut. Ins. Co.*, 46 Ohio St.3d 51, 53 (1989).

{¶13} On the other hand, "[e]xtrinsic evidence is admissible to ascertain the intent of the parties when the contract is unclear or ambiguous, or when circumstances surrounding the agreement give the plain language special meaning." *Graham v. Drydock Coal Co.*, 76 Ohio St.3d 311, 313-314 (1996). Ambiguity refers to "the condition of admitting of two or more meanings, of being understood in more than one way, or of referring to two or more things at the same time[.]" *Robinson v. Beck*, 9th Dist. Summit No. 21094, 2003–Ohio–1286, ¶ 25, quoting *Boulger v. Evans*, 54 Ohio St.2d 371, 378 (1978). Only if the terms of a contract may reasonably be understood in more than one sense can they be construed as ambiguous. *Preferred Tax & Fin. Servs., Inc. v. Mark W. Boslett, Inc., CPA*, 9th Dist. Summit No. 22801, 2006–Ohio–2690, ¶ 14.

{¶14} In its judgment entry, the trial court stated that "[w]hether the subcontract contained the word "Owner," as it does, or "Pioneer," as Ohio [Fabricators] argues would be necessary, the contract language was not ambiguous and was fully understood by the signers." Although the trial court concluded the language was not ambiguous, it improperly looked to extrinsic evidence to determine the intentions of the parties. Furthermore, despite stating the language was unambiguous, the trial court's interpretation of the provision necessarily indicated it arrived at a definition of "Owner" outside of the plain and ordinary meaning of the word.

{¶15} The payment provision at issue provides that "[i]t is specifically understood and agreed that * * * payment by Owner to Aster Elements, Inc. is a condition precedent to Aster Elements, Inc.'s obligation to pay the Subcontractor." In reviewing the subcontract, we conclude the term "Owner" is a common word to be given its ordinary meaning. It is not disputed that the owner of the property at the heart of this matter is Cincinnati Children's Hospital. The term is used numerous times throughout the subcontract and there is nothing in its usage to suggest

another meaning, nor may the term be reasonably understood to have another meaning. We therefore conclude the language of the provision is unambiguous, and we look no further to determine the intent of the parties. As a result, there is no pay-if-paid provision in Article 8.1.3 requiring payment by Pioneer to Aster as a condition precedent to Aster's obligation to pay Ohio Fabricators.

{¶16} While we acknowledge that Ohio Fabricators contends that Aster was not in privity with or paid by Cincinnati Children's Hospital, we make no further determination of the applicability of the clause as to Cincinnati Children's Hospital as that issue is not before us for review.

{¶17} Ohio Fabricators' second assignment of error is sustained.

## ASSIGNMENT OF ERROR FOUR

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO
THE BONDING COMPANY[.]

{¶18} In its fourth assignment of error, Ohio Fabricators argues that the trial court erred in granting summary judgment in favor of Travelers. We agree.

{¶19} In granting summary judgment, the trial court determined: "The evidence is undisputed that final payment has not been made to Aster, and Aster is under no obligation to pay Ohio [Fabricators] if in fact there are outstanding payments to be made. Therefore, as to Counts I and II of Ohio [Fabricators'] amended complaint, the court finds summary judgment in favor of Aster and Travelers to be appropriate and hereby grants the same." The second count of the complaint alleged that Travelers had breached its obligation to pay Ohio Fabricators under the issued payment bonds.

{¶20} The trial court provided no further analysis, as its decision to grant summary judgment in favor of Travelers hinged upon its determination of the applicability of the pay-if-

paid clause. As we have concluded that the pay-if-paid clause is inapplicable, we likewise sustain Ohio Fabricators' fourth assignment of error.

ASSIGNMENT OF ERROR FIVE

THE TRIAL COURT ERRED IN DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT[.]

{¶21} In its fifth assignment of error, Ohio Fabricators argues the trial court erred in denying its motion for summary judgment.

{¶22} The trial court granted summary judgment in favor of Aster and Travelers as to the claims of Ohio Fabricators. The trial court denied Ohio Fabricators' motion for summary judgment as to Aster's amended counterclaim and as to counts one and two of Travelers' amended counterclaim. In its subsequent order, the trial court revised its judgment to include Civ.R. 54(B) language stating "there is no just reason for delay." The trial court stated that the addition of the language "render[ed] that order disposing of the plaintiff's claims final and appealable as to those claims." Appropriately, it makes no mention of the denial of summary judgment on the counterclaims being likewise rendered final and appealable.

{¶23} When more than one claim for relief is presented in an action or when multiple parties are involved, the trial court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay pursuant to Civ.R. 54(B), however such a finding of no just reason for delay does not make appealable an otherwise non-appealable order. *Rosenbaum v. Chronicle Telegram*, 9th Dist. Lorain Nos. 01CA0079896 and 01CA007908, 2002-Ohio-7319, ¶ 12, citing *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 88 (1989).

{¶24} Article IV, Section 3(B)(2), of the Ohio Constitution limits this Court's appellate jurisdiction to the review of final judgments of lower courts. For a judgment to be final and

appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). *Chef Italiano* at 88. The denial of a motion for summary judgment does not determine the action and prevent a judgment, and thus generally does not constitute a final appealable order under R.C. 2505.02. *Celebrezze v. Netzley*, 51 Ohio St.3d 89, 90 (1990). A trial court's Civ.R. 54(B) certification cannot make a non-final order appealable, because the requirements of both R.C. 2505.02 and Civ.R. 54(B) must be satisfied to permit appellate review. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989).

{¶25} The trial court certified only the disposition of Ohio Fabricators' claims as being final and appealable pursuant to Civ.R. 54(B), it did not likewise certify the remaining counterclaims. Moreover, the trial court's finding that there was no just reason for delay did not make appealable other portions of the order that were otherwise non-appealable. *See MacFarland v. Niekamp, Weisensell, Mutersbaugh & Mastrantonio, LLP*, 9th Dist. Summit No. 28462, 2017-Ohio-8394, ¶ 35. Accordingly, those aspects of the trial court's order that denied motions for summary judgment are not final or appealable.

{¶26} Ohio Fabricators' fifth assignment of error is therefore overruled.

ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ERRED IN FINDING THAT A CONTRACTOR WAS THE OWNER[.]

ASSIGNMENT OF ERROR THREE

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANTS[.]

ASSIGNMENT OF ERROR SIX

THE TRIAL COURT ERRED IN DENYING PLAINTIFF'S MOTION TO VACATE[.]

**{¶27}** In its first assignment of error, Ohio Fabricators argues that the trial court erred in finding Pioneer to be the "Owner." In its third assignment of error, Ohio Fabricators argues the trial court erred in granting summary judgment in favor of the defendants because there were a series of disputed issues of material fact. In its sixth assignment of error, Ohio Fabricators argues the trial court erred in denying its motion to vacate under Civ.R. 60(B).

**{¶28}** We decline to reach the merits of these arguments as our resolution of Ohio Fabricators' second assignment of error has rendered them moot. *See* App.R. 12(A)(1)(c).

III.

**{¶29}** Ohio Fabricators' second and fourth assignments of error are sustained. The fifth assignment of error is overruled. The first, third, and sixth assignments of error have been rendered moot. The judgment of the Summit County Court of Common Pleas is reversed and remanded for further proceedings consistent with this opinion.

Judgment reversed<br>and remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

MICHAEL R. STAVNICKY, Attorney at Law, for Appellant.

TIMOTHY FITZGERALD, Attorney at Law, for Appellee.

ALAN TORRANCE, Attorney at Law, for Appellee.